**Hazel Josephine TAYLOR,**
**Plaintiff-Appellant,**

v.

**ST. LOUIS–SAN FRANCISCO RAIL-**
**WAY COMPANY, a corporation,**
**Defendant-Respondent.**

**No. 11037.**

Missouri Court of Appeals,
Southern District,
Division Three.

Nov. 21, 1979.

Arthur T. Stephenson, Caruthersville, for plaintiff-appellant.

James E. Reeves, Ward & Reeves, Caruthersville, for defendant-respondent.

PREWITT, Judge.

Plaintiff brought an action for personal injuries as a result of a collision between an automobile in which she was a passenger and defendant's train at the intersection of a highway and railway line in Pemiscot County, Missouri. After a jury verdict and a judgment denying her claim, she appeals.

Plaintiff claims error in the introduction of two photographic exhibits. One is a composite of four photographs, three showing the train approaching the intersection and one showing the intersection without the train. The other exhibit shows a train approaching the intersection. All were taken from the edge of the highway on which plaintiff had been traveling. Appellant contends that the jury could have been misled into believing that the photographs

showed the view of the train as it might have been seen by plaintiff or the driver of the vehicle in which she was traveling. We believe that our determination of the questions raised by appellant can be stated without reciting the factual details of the evidence.

 The admissibility of photographs showing visibility and sight are within the trial judge's discretion. *Jones v. Smith,* 372 S.W.2d 71, 79 (Mo.1963); *West v. Jack Cooper Transport Company,* 372 S.W.2d 642, 649 (Mo.App.1963), transferred and decided on other grounds. 381 S.W.2d 872 (Mo. 1964). Here, other similar photographs were admitted in evidence and the transcript indicates that the trial court did not abuse its discretion, nor that prejudice to plaintiff occurred from the admission of these additional exhibits. The exhibits may have been of aid in showing the relationship of the train to trees and brush along the track and in generally determining the train's visibility from the roadway. The defendant did not try to show that the photographs were taken from a point where plaintiff was when the train was in the position shown on the photographs. The exhibits were offered to show the general view and visibility of the train and the crossing. The jury was fully informed of the place and conditions of their taking, and the admission of them was not an abuse of the trial court's discretion.

The judgment is affirmed.

All concur.