Ira Craig CLARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–01013–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 30, 1986.

Rehearing Denied Nov. 26, 1986.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., J. Harvey Hudson, Alice Brown, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, LEVY and HOYT, JJ.

OPINION

LEVY, Justice.

Appeal is taken from a conviction of the felony offense of burglary of a habitation with intent to commit sexual assault. The jury found appellant guilty and assessed punishment at 75 years confinement.

Appellant brings four points of error challenging the constitutionality of the trial court's punishment phase instructions and the statute after which the instructions were patterned, Tex.Code Crim.P.Ann. art. 37.07, sec. 4(b) (Vernon Supp.1986).

Section 4(b) provides that during the penalty phase of a trial in certain felony cases, the court is to instruct the jury as follows where the jury is to assess punishment:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-third of the sentence imposed or twenty-years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

The trial court's instructions included this required statutory language and a final, additional paragraph:

You are not to discuss among yourselves how long the accused would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and must not be considered by you.

Appellant asserts in his first two points of error that the instructions required by sec. 4(b) violate the "separation of powers" doctrine embodied in Tex. Const. art. II, sec. 1. Specifically, appellant claims that sec. 4(b) is a legislative usurpation of the judiciary's power to charge the jury, and a judicial usurpation of the executive power of parole. In response, the State claims that appellant failed to object at trial to the constitutionality of the instructions based upon the "separation of powers" theory, and thereby waived the error, if any.

 The constitutionality of a statute may not be raised on appeal unless the issue was first raised at trial. *Casares v.*

*State,* No. 01–85–60829 (Tex.App.—Houston [1st Dist.], June 19, 1986) (not yet reported). The record reflects the following colloquy during appellant's objection:

[THE COURT]: So, you are asking the Court not to follow the law that requires that I place that in the Charge. Your position is that you base it on the grounds that it is unconstitutional to tell the jury that?

[DEFENSE COUNSEL]: Yes, sir, it is unconstitutional for the legislature to impose such a condition to this Court.

Without determining whether such a specific constitutional grounds objection was required, we conclude that appellant's statement as quoted was sufficient to apprise the trial court of an objection to the constitutionality of the instructions based upon a "separation of powers" theory.

 The mandatory inclusion of specified statutory language in the trial court's instruction to the jury may be found elsewhere in Texas criminal statutes. Tex. Code Crim.P.Ann. art. 37.071(b) (Vernon Supp.1986) requires that three specifically worded issues be submitted to the jury in capital cases. Furthermore, art. 37.071 requires that the trial court charge the jury concerning the required unanimity of all jurors in answering "Yes" to all three issues, and that 10 or more jurors must agree to answer "No." Finally, art. 37.-071(g) prohibits the court from informing jurors, whether by charge or some other means, of the effect of failure of the jury to agree on an issue. Appellant cites no Texas cases prohibiting the regulation of the contents of jury charges by the legislature. Absent such authority, we apply the presumption that the statutory instruction is valid, and conclude that the instruction is not an unconstitutional legislative encroachment upon judicial power.

Neither is the required instruction an unconstitutional judicial usurpation of executive power. The section 4(b) language merely instructs the jury that it "may consider the existence of parole law and good conduct time" and forbids any attempt to

**426**

ascertain what effect it may have on any punishment assessed. Additionally, the trial court added a final paragraph prohibiting the jury from discussing how long the accused would be required to serve the sentence that it imposed. This instruction expressly prohibits the jury's interference with the executive's parole powers and is both constitutional and appropriate. Appellant's first two points of error are overruled.

Appellant states in his third point of error that the sec. 4(b) instruction is unconstitutional because it invites the jury to speculate on matters outside its task of deciding proper punishment. We disagree. The instruction describes parole law, good conduct time, and how they work. It then states that eligibility for parole does not guarantee release and that one cannot accurately predict in advance how the parole law and good conduct time might be applied to appellant. This is followed by an admonishment that the jury is not permitted to attempt to apply parole law and good conduct time to the appellant. Finally, there followed an instruction that prohibited consideration of how long appellant would serve any sentence imposed. This protective language is sufficient to preclude any speculation as to incarceration by the jury outside of the task of determining proper punishment. Appellant's third point of error is overruled.

Appellant states in his fourth point of error that the sec. 4(b) instruction is unconstitutional because it is confusing and vague. The clear intent and meaning of the instruction is to define for the jurors the laws about which they tend to speculate, and to prohibit the jury's application of the speculative effects that these laws might have upon the appellant. We conclude that the instruction has a beneficially clarifying effect, and is not vague. Appellant has not shown how the instruction was harmful to him, or that the jury ignored the instruction. Appellant's fourth point of error is overruled.

The judgment is affirmed.

DUGGAN, J., concurs.