William BEASLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–0097–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 11, 1986.

William W. Burge, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Timothy G. Taft, Chuck Noll, Harris

Co. Asst. Dist. Attys., Houston, for appellee.

Before HOYT, DUGGAN and LEVY, JJ.

OPINION

HOYT, Justice.

This is an appeal from the felony offense of aggravated sexual assault, enhanced by two prior felony convictions. A jury found the appellant guilty, the enhancement allegations true, and assessed punishment at life imprisonment. We affirm.

Complainant, a 17–year-old, testified that on September 3, 1985, as she left school at noon, she was approached by the appellant who ordered her to walk with him while threatening her with a gun, which he said was in his boot. He also threatened to kill her with a metal object that he removed from his pocket. Complainant tried to run on one occasion, but was grabbed and forced to accompany the appellant to the backyard of a vacant house where she was sexually assaulted.

In his sole point of error, the appellant maintains that the trial court committed reversible error by instructing the jury on the laws governing parole and good conduct time. The portion of the jury charge complained of was as follows:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Tex.Code Crim.P.Ann. art. 37.07, sec. 4(b) (Vernon Supp.1986).

Appellant objected to the instruction at trial asserting that the provision was ambiguous and misleading. On appeal he contends additionally that the statute is unconstitutional and asserts that: (1) the instruction violates the separation of powers provision of the Texas Constitution; and (2) the instruction is unintelligible, misleading, and confusing.

The constitutionality of a statute may not be raised on appeal unless the issue was first raised in the trial court, *James v. State*, 635 S.W.2d 653 (Tex.App.—Fort Worth 1982, no pet.), and then only when such a determination is absolutely necessary to decide the case in which the issue is raised. *Smith v. State*, 658 S.W.2d 172, 174 (Tex.Crim.App.1983). The burden is on the party attacking the constitutionality of an act of the legislature, *Spring Branch I.S.D. v. Stamos*, 695 S.W.2d 556 (Tex.

1985), and the presumption is in favor of it constitutionality. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983).

■ The appellant acknowledges that the instruction allows the jury to consider only the *existence* of the parole and good time law and specifically instructs them not to consider its application to the accused. However, in his separation of powers argument, he maintains that it is difficult, if not impossible, for a jury to consider the existence of parole and good time law without applying it to the accused. To support his point, he refers to a note that the jury sent out while deliberating on punishment that asked how much time the appellant had served for his previous offense.[1]

It is common knowledge that convicts generally serve less than the full sentence assessed against them. *Heredia v. State*, 528 S.W.2d 847, 852 (Tex.Crim.App.1975). For this reason, juries have always been instructed not to consider parole law in assessing punishment. The court's instruction is designed to prevent a jury from committing jury misconduct by speculating on the amount of time that a convict may serve, or by considering what the Parole Board may do relative to the accused's sentence. A juror's ability to follow the court's instruction on this matter must and can be tested during voir dire when the accused may challenge each venire member, both concerning his position on or understanding of the law as well as on the accused's right to a fair and impartial trial and to fair and impartial punishment. Implicit within the statute is appellant's duty to make inquiry and to challenge each venire member on his willingness to follow the court's instruction. *See House of Tobacco, Inc. v. Calvert*, 394 S.W.2d 654, 658 (Tex.1965) (holding that a statute that does not provide for notice and a hearing is not unconstitutional because those provisions may be incorporated by implication to prevent a holding of unconstitutionality).

While it may very well be difficult for a juror to refrain from applying the parole law after being informed of its possible impact on a sentence, difficulty in following jury instructions does not render the instruction unconstitutional. We must assume that the Legislature intended to enact a valid law, and in the absence of a restriction in the statute the court, on voir dire, must allow the motives and beliefs of the venire members to be explored. *Id.* Furthermore, we disagree with the appellant's contention that "the instructions are unintelligible, misleading and confusing because the facts which give rise to parole or good time credit had not occurred at the time of the instruction." Again, this must be the subject of appellant's inquiry on voir dire.

We hold that art. 37.07, sec. 4(b) is not an unconstitutional invasion of the province of the executive branch of the government when it instructs the jury that it "may consider the existence of the parole law and good conduct time" but not as it affects "this particular defendant." *Clark v. State*, 721 S.W.2d 424 (Tex.App.—Houston [1st Dist.] 1986).

■ Moreover, in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985), the Court of Criminal Appeals stated that where there is a timely trial objection, reversal is required if the error was calculated to injure the rights of the accused, i.e., there must be some harm shown.

Here, the harm alleged is confusion on the part of the jury, which is not demonstrated by the record presented. The appellant has failed to show any harm resulting from the alleged ambiguity of the parole statute.

The appellant's sole point of error is overruled. The judgment is affirmed.

---

1. The only jury notes reflected in the record requested to see the "Pen Package," and questioned the difference between "Life and 99 years." The record does contain a reply from the Court to the jury stating "The law does not permit me to answer your question."