Dwayne **HARDY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–85–835–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 26, 1986.
Review Granted and Cause Remanded
March 18, 1987.

Connie Brown Williams, Houston, for appellant.

John B. Holmes, Jr., David E. Brothers, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

OPINION

MURPHY, Justice.

Appellant was convicted by a jury of the offense of aggravated rape. Punishment was assessed at sixty years confinement. In four points of error appellant complains that the evidence was insufficient, the court erred in charging the jury on parole and good time law, the prosecutor engaged in improper jury argument and appellant's right to a fair and impartial jury was denied when the prosecutor used peremptory challenges to exclude all eligible black venirepersons from the jury.

In his first point of error appellant contends that the evidence is insufficient to identify him as the perpetrator of the offense. The complainant testified that she was lying in bed when a masked intruder broke into her apartment and jumped on her. He covered her face with the sheet from the bed and forced her to have sex with him. When he finished, he stood by the bed and talked to the complainant. She removed the sheet from her face for a few seconds and looked at her attacker. She testified that he was no longer wearing a mask and she saw his face, hair and his build. The room was lit by a light from the bathroom and a lamp by the bed. The complainant testified that after her attacker left her apartment she found a plastic wallet insert that included appellant's driver's license. She stated that when she saw appellant's picture on the driver's license she recognized the picture to be that of her attacker. At trial, the complainant made an in-court identification of appellant as her attacker and stated that she was one-hundred percent certain of that identification.

The standard of appellate review which this court must apply is whether, viewing

the evidence in the light most favorable to the verdict, any rational trier of fact could have found the contested issue beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). After a review of the record before us, we conclude that the evidence is sufficient to identify appellant as the perpetrator of the offense. Point of error number one is overruled.

In his second point of error appellant complains that the trial court erred in giving the jury the instruction set out in Tex.Code Crim.Proc.Ann. art. 37.07 § 4 (Vernon Supp.1986), which states:

Under the law applicable in this code, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-third of the sentence imposed or twenty-years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

*Id.* Appellant contends that the court's charge pursuant to article 37.07, section 4, improperly invited the jury to consider the parole laws as they would affect appellant and that the instructions were contradictory. He also argues that the instruction is an unconstitutional interference by the judiciary in an area, parole of prisoners, under the direction and control of the executive branch of the government.

The First Court of Appeals recently upheld the constitutionality of article 37.07, section 4, in *Clark v. State*, 721 S.W.2d 424 (Tex.App.—Houston [1st Dist.] 1986, no pet.). The court in *Clark* stated that the instruction is not an unconstitutional usurpation of executive power: "The [statutory] language merely instructs the jury that it may consider the existence of parole law and good conduct time and forbids any attempt to ascertain what effect it may have on any punishment assessed." *Id.*, at 425. The instruction complained of does not invite the jury to consider how the parole laws will affect appellant. In fact, the final paragraph of the instruction expressly directs the jury that though it may consider the existence of parole law and good conduct time it may not consider how they will be applied to appellant. *See* Tex. Code Crim.Proc.Ann. art. 37.07 § 4 (Vernon Supp.1986). The instruction given pursuant to article 37.07, section 4 is not contradictory:

The clear intent and meaning of the instruction is to define for the jurors the law about which they tend to speculate, and to prohibit the jury's application of the speculative effects that these laws might have upon the appellant. We conclude that the instruction has a beneficially clarifying effect, and is not vague.

*Clark v. State,* at 426. Appellant's second point of error is overruled.

In his third point of error appellant complains the prosecutor engaged in improper jury argument at the punishment phase of the trial. The prosecutor's argument, in pertinent part, was as follows:

If you notice in the charge it talks about if a defendant is sentenced to a term of imprisonment he will not become eligible for parole until the actual time served equals one third of the sentence or twenty years, whichever is less. That's what I would recommend, 60 years in the Texas Department of Corrections. 60 years is my recommendation. By that charge, he won't be eligible for parole until at least 20 years. I can guarantee you Glenda Simpson will still be thinking about it 20 years from now when she crawls into bed. She will still be wondering if someone is going to break through her window again. She will be remembering it.

There is no guarantee. He could be in for the full 60. He could be out in 20. I could not tell you what the Texas Parole Board is going to do and really you can't even discuss it but you can know about it—

The Court of Criminal Appeals stated in *Todd v. State,* 598 S.W.2d 286 (Tex.Crim. App.1980), that the permissible areas of jury argument are (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Id.* at 296–97. The court went on to say even though an argument does not fall within one of the above stated four areas, it will not be improper unless, viewing the record as a whole, "the argument is extreme or manifestly improper, violation of a mandatory statute or injects new facts, harmful to the accused into the trial proceeding." *Id.* at 297. In the instant case, the prosecutor's remarks to the jury constituted a reasonable and proper explanation of the law of the case as contained in the court's charge with regard to article 37.07, section 4, and thus, were proper.

Appellant's third point of error is overruled.

In his fourth point of error appellant claims he was denied his right to a fair and impartial jury when the prosecutor used peremptory challenges to remove all eligible black venirepersons from the jury. Appellant claims that *Batson v. Kentucky,* —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), mandates reversal of the case.

In *Batson,* the United States Supreme Court rejected its prior holding in *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), concerning the evidentiary burden placed on a defendant who contends that he has been denied equal protection because of the state's discriminatory use of peremptory challenges. In *Swain,* the Court held that proof of a prosecutor's repeated striking of blacks over a number of cases was necessary to establish a violation of the Equal Protection Clause. *See Swain v. Alabama,* 380 U.S. at 224, 85 S.Ct. at 838. In *Batson,* the Court stated that "... a defendant may make a prima facie showing of purposeful racial discrimination in selection of the venire by relying solely on the facts concerning its selection *in his case." See Batson v. Kentucky* at ——, 106 S.Ct. at 1723. *Batson* was decided six and one-half months after the trial court overruled appellant's objection to the racial composition of the jury panel in the instant case. Therefore, unless *Batson* is to be given retroactive effect it will not apply to this case. The majority opinion in *Batson* did not address the issue of whether the law of the case should be given retroactive application. Justices White and O'Connor, in concurring opinions and Chief Justice Burger, in a dissenting opinion joined by Justice Rehnquist, stated that the decision should not apply retroactively. Decisions of the United States Supreme Court and the courts of other states lead to the conclusion that *Batson* is not to be given retroactive effect.

In *United States v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982), the Supreme Court stated that where it has "expressly declared a rule of criminal pro-

cedure to be a 'clear break with the past', it almost invariably has gone on to find such a newly minted principle nonretroactive." *See id.* at 549, 102 S.Ct. at 2586. The court recognized that a clear break occurs in several situations including when the decision explicitly overrules a past precedent of the Court or when a decision disapproves a practice the Court had arguably sanctioned. *See id.* at 551, 102 S.Ct. at 2587. The decision in *Batson* represents a clear break with the past precedent of *Swain* and thus will not be given retroactive application. At least one state supreme court has refused to apply *Batson* retroactively. *See State v. Jackson,* 317 N.C. 1, 343 S.E.2d 814, 826 (1986). Three states adopting standards regarding discriminatory use of peremptory challenges similar to that in *Batson* have expressly held those standards to be non-retroactive. *See People v. Wheeler,* 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748, 766 (1978); *State v. Neil,* 457 So.2d 481, 488 (Fla.1984); *Commonwealth v. Soares,* 377 Mass. 461, 493 n. 38, 387 N.E.2d 499, 518 n. 38, *cert. denied,* 444 U.S. 881, 100 S.Ct. 170, 62 L.Ed.2d 110 (1979).

Since *Batson* is not applicable to this case, appellant must satisfy the test set out in *Swain* to prevail under his fourth point of error. Since he offers no proof of the repeated striking of blacks by the prosecutor over a number of cases he cannot prevail under *Swain*. *See Swain v. Alabama,* 380 U.S. at 223, 85 S.Ct. at 838. Appellant's fourth point of error is overruled.

The judgment is affirmed.