Dwayne HARDY, Appellant,

v.

The STATE of Texas.

No. 014–87.

Court of Criminal Appeals of Texas, En Banc.

March 18, 1987.

Connie B. Williams, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and David E. Brothers, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

Appellant was convicted by a jury of aggravated rape. The jury assessed punishment at 60 years in the Texas Department of Corrections. On appeal the Houston [14th] Court of Appeals affirmed the conviction. *Hardy v. State,* 722 S.W.2d 164 (Tex.App.—Houston [14th] 1986).

Appellant raises three grounds for review, one of which asserts the Court of Appeals was in error in holding that *Batson v. Kentucky,* 476 U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) is not to be applied retroactively. In the period since

the Court of Appeals delivered their opinion in this cause the United States Supreme Court has determined that *Batson v. Kentucky,* supra, is to be applied to all cases which were still pending on direct appeal at the time *Batson* was delivered. *Griffith v. Kentucky,* —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

Without passing on the merits of appellant's other grounds for review, we find appellant's petition must be granted on this ground, and the cause remanded to the Court of Appeals for reconsideration in light of *Griffith v. Kentucky,* supra.

ONION, P.J., and W.C. DAVIS and TEAGUE, JJ., would grant across the board.

TEAGUE, J., also dissents to the remand.