**Derrick Lynn HENRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–0150–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 9, 1987.

Stanley C. Kirk, Houston, for appellant.

John B. Holmes, Jr. Harris County Dist. Atty., Kathlyn Giannaula, Chuck Noll, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

OPINION

SAM BASS, Justice.

Appellant was convicted of aggravated robbery. The jury assessed punishment at confinement for 10 years and one day.

In five points of error, the appellant challenges the court's jury instruction on the parole law and contends that the statute authorizing such an instruction is unconstitutional. Tex.Code Crim.P. art 37.07, sec. 4 (Vernon Supp.1987). He asserts that the instruction contravenes the separation of powers doctrine of the Texas Constitution, and that article 37.07, section 4 is unconstitutionally vague, violating the due process standards of the Texas and United States Constitutions.

The constitutionality of a statute may not be raised on appeal unless the issue

was first raised in the trial court. *Casares v. State*, 712 S.W.2d 818 (Tex.App.—Houston [1st Dist.] 1986, pet. granted). Although the appellant filed written objections to the court's punishment charge, he did not object that the statute or instruction violated the separation of powers doctrine. He thus argues on appeal that there was "fundamental" error in the charge and that he suffered egregious harm as a result. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). He does not show how he was harmed.

■ In his first three points of error, appellant contends that decisions with respect to parole are exclusively within the province of the executive branch, because the Texas Constitution provides that "[i]n all criminal cases, ... the Governor shall have power, after conviction, on the ... recommendation ... of the Board of Pardons and Paroles, ... to grant ... pardons...." Tex.Const. art. IV, sec. 11. He asserts that article 37.07, section 4 permits the judicial branch, acting through the trial court in its charge to the jury, to authorize the jury to apply the parole laws in assessing punishment. Thus, he argues that this statute improperly gives the judicial branch, through the jurors, the right to exercise executive powers with respect to parole. The appellant relies on *Rose v. State*, No. 05–85–01136–CR (Tex.App.—Dallas, Aug. 11, 1986), as his sole support for this contention.

On motion for rehearing of the decision in *Rose*, the Dallas Court of Appeals rejected the contentions asserted here and found that a jury instruction pursuant to Tex. Code Crim.P. art. 37.07, sec. 4 did not violate the separation of powers doctrine. *Rose v. State*, 724 S.W.2d 832 (Tex.App.—Dallas 1986, no pet.) (op. on reh'g). The statute does not permit or encourage the jury to apply the parole laws, as appellant contends; indeed, it orders the jury not to consider the parole law in determining punishment for the particular defendant. We must presume that a jury follows the instructions it is given. *Ainsworth v. State*, 517 S.W.2d 274, 277 (Tex.Crim.App.1975).

Other courts of appeals have rejected similar challenges to the statute's constitutionality on separation of powers grounds, *see Hardy v. State*, 722 S.W.2d 164, 166 (Tex.App.—Houston [14th Dist.] 1986), *remanded on other grounds*, 726 S.W.2d 158 (Tex.Crim.App.1987); *Patton v. State*, 717 S.W.2d 772, 780–1 (Tex.App.—Fort Worth 1986, no pet.), and this Court has previously upheld the constitutionality of article 37.07, section 4. *Beasley v. State*, 721 S.W.2d 426 (Tex.App.—Houston [1st Dist.] 1986, no pet.). Appellant's first three points of error are overruled.

■ Appellant next contends that the statute is unconstitutionally vague in that it provides no definite standard for the jury to use in considering the parole law and good conduct time. We disagree. "The clear intent and meaning of the instruction is to define for the jurors the laws about which they tend to speculate, and to prohibit the jury's application of the speculative effects that those laws might have upon the appellant. We conclude that the instruction has a beneficially clarifying effect, and is not vague." *Clark v. State*, 721 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1986, pet. filed); *see also Rose v. State*, 724 S.W.2d 832 (op. on reh'g); *Hardy*, 722 S.W.2d at 166. Appellant's fourth and fifth points of error are overruled.

The judgment of the trial court is affirmed.