**Silvario RUIZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. B14–86–212–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 19, 1987.

Rehearing Denied March 19, 1987.

Discretionary Review Granted
June 3, 1987.

David Cunningham, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Cathy Herasimchuk, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

ROBERTSON, Justice.

Silvario Ruiz (appellant) was convicted of aggravated robbery in a jury trial and was sentenced to eighteen years of confinement. In five points of error appellant claims that the court erred in charging the jury on parole and good time law and that he was denied effective assistance of coun-

sel. We overrule appellant's. points and affirm the judgment of the trial court.

On April 20, 1984, Cynthia Guerra drove to her apartment with her two children. As she opened the door she saw the appellant pointing a gun at her chest. The appellant told Guerra to give him her money in English. In Spanish he threatened to kill her if she did not have any money. One of the two other persons with appellant said, "let's just take the car." Guerra and her children ran from the car and appellant and the two men took the car. Guerra testified that she observed the appellant from a distance of six inches at gunpoint, for a period of three to five minutes in good artificial lighting.

Two days later the police stopped the appellant while he was driving Guerra's car for a traffic violation. The appellant and several other persons immediately attempted to flee on foot. Officer Gonzales chased the appellant who had been driving Guerra's car. He arrested the appellant for evading arrest and driving while intoxicated. Due to a mix-up the vehicle identification number of the car was not reported as stolen. Several days later the police learned that the car belonged to Guerra and charged the appellant with aggravated robbery.

 Appellant, in his first two points of error, asserts that the parole instruction given pursuant to Tex.Code Crim.Proc.Ann. art. 37.07 (Vernon Supp.1987) was unconstitutional both because it is vague and thus denied him due process of law pursuant to the Fourteenth and Fifth Amendments of the United States Constitution and Article 1, § 19 of the Texas Constitution and that it is a usurpation of the executive power by the jury and thus is a violation of the separation of powers under Article 2, § 1 of the Texas Constitution. Both constitutional claims are without merit. Article 37.07 states:

> Under the law applicable in this code, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, dil-
>
> igence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
>
> It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.
>
> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-third of the sentence imposed or twenty-years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.
>
> It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.
>
> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Article 37.07 expressly instructs the jury to not consider how the parole laws will effect the appellant. The statute, therefore, does not usurp the executive branch's control of parole. *Hardy v. State*, 722 S.W.2d 164 (Tex.App.—Houston [14th Dist.] 1986), *rev'd on other grounds*, 726 S.W.2d 158 (Tex.Crim.App.1987); *Patton v. State*, 717 S.W.2d 772 (Tex.App.—Fort Worth 1986, no pet.). The statute results in a clarification for the jurors of the law rather that being vague and ambiguous. The clear meaning of the charge is to define for the jurors the law about which they tend to speculate. It prohibits the jury's application of the speculative effects that these laws may have upon the appellant. *Hardy*, 722 S.W.2d at 166; *Clark v. State*, 721

S.W.2d 424 (Tex.App.—Houston [1st Dist.] 1986, no pet.). Article 37.07 gives accurate information which does not preclude the defendant from offering evidence regarding the availability of parole and does not violate either the United States Constitution or the Texas Constitution. *See California v. Ramos*, 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983) (California may constitutionally give instruction to jury that the governor may commute the life sentence in a capital case); *See also Ely v. State*, 582 S.W.2d 416 (Tex.Crim.App.1979) (standard for review for vague statute is the same under both federal and State Constitutions).[1]

■ Appellant argues in points of error three through five that he was denied effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) the Supreme Court devised a two part test for use in analysis of claims of ineffective assistance of counsel. The defendant must first show that counsel's performance was so deficient that he was not functioning as the counsel as guaranteed under the Sixth Amendment. *Id.* at 2064–65. In making this finding, the reviewing court is to make a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that the trial counsel's challenged action constitutes sound trial strategy. *Id.* at 2065–66. The individual States have great latitude to define what constitutes reasonable professional assistance. *See Nix v. Whiteside*, —— U.S. ——, 106 S.Ct. 988, 994, 89 L.Ed.2d 123 (1986). Texas courts have stated that reasonable representation must be determined in the setting of the totality of the representation afforded the accused rather than by isolated acts or omissions of trial counsel. *Butler v. State*, 716 S.W.2d 48, 54 (Tex.Crim.App.1986). This additional requirement is necessary to distinguish sound trial strategy from deficient representation. *See Thomas v. State*, 693 S.W.2d 7 (Tex.App.—Houston [14th Dist.]

1985, pet. ref'd). Upon a finding of deficiency of counsel, the conviction is reversed if such deficiencies were prejudicial to the defense. *Strickland*, 104 S.Ct. at 2064–65. The defendant is prejudiced if a reasonable probability exists that the outcome would have been different if the accused had reasonably effective counsel. *Id.* at 2068.

■ We note initially that the appellant has failed to meet the second prong because he has not shown that he was prejudiced by any errors of counsel since the evidence of his guilt was overwhelming. The appellant threatened Guerra and her children with a gun. Guerra positively identified him. She picked his picture out of a photo spread. In a motion to suppress the identification testimony, Guerra was unshakable. Appellant was arrested in possession of the stolen goods. Receiving an eighteen year sentence for armed robbery is reasonable considering the circumstances. No reasonable doubt exists that the outcome would have been different.

Many of the allegations of omissions by the trial counsel, however, are groundless. Appellant complains that counsel failed to pursue a motion for a speedy trial, exclude an extraneous offense, impeach Guerra's identification testimony at trial, and object to leading questions by the prosecutor. Nothing in the record supports appellant's contention that the speedy trial motion was not pursued. In fact at the trial, the trial judge and appellant's counsel agreed that all motions had been denied. Insufficient evidence exists to show that counsel acted unreasonably.

■ Appellant complains that trial counsel should have objected to the extraneous offense. Extraneous offenses are inadmissible to show that the defendant had a bad character and acted in conformity with that bad character. They are admissible if they are relevant to some other issue in the case. Tex.R.Crim.Evid. 404(b). The offenses proved that appellant was in

---

1. We note that article 37.07 would probably not receive the degree of scrutiny that the instruction in *Ramos* received. *Ramos* involved a capital punishment and as such necessitated a high-

er level of scrutiny. 463 U.S. 998–99, 103 S.Ct. at 3451–3452. Article 37.07, however, also meets this higher scrutiny test.

possession of stolen property and thus was admissible to show indentity. *Hardesty v. State*, 656 S.W.2d 73, 76–77 (Tex.Crim.App. 1983).

Not impeaching Guerra's identification testimony and not objecting to leading questions appears to be the result of trial strategy. Appellant's counsel attempted to impeach Guerra in a pre-trial motion. She proved to be unshakable and showed the fruitlessness of this direct approach. Making many objections to leading questions would only tend to inflame the minds of the jury by appearing to be antagonizing and unnecessarily prolonging the trial. We overrule points of error three through five.

For the reasons set forth we affirm the judgment of the trial court.