Kenneth Wayne GOODWIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 1261–87.

Court of Criminal Appeals of Texas, En Banc.

June 12, 1991.

Rehearing Denied Sept. 18, 1991.

John H. Hagler, Jim Burnham, R.K. Weaver (on appeal only), Dallas, for appellant.

Jack Skeen, Jr., Dist. Atty., Christian E. Bryan and Ann M. Monaco, Asst. Dist. Attys., Tyler, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted by a jury of six counts of theft of property, each count alleging theft of U.S. currency of the value of more than $750.00 and less than $20,000.00. V.T.C.A., Penal Code § 31.03(a) & (e)(4)(A). Having found appellant guilty of two or more of the individual counts, the jury then gave an affirmative answer to the special verdict form concerning scheme and continuing course of conduct. The jury found that appellant committed all six alleged thefts in one continuous scheme, thereby aggregating the amount of the amounts stolen to be greater than $20,000.00. V.T.C.A., Penal Code § 31.09. At the punishment phase of the trial, the jury was instructed that they had found appellant guilty of a second degree felony, and were further instructed to assess appellant's punishment within the range set out for a second degree felony. V.T.C.A., Penal Code § 12.33. The jury assessed appellant's punishment at ten years' confinement and a $10,000 fine. The jury recommended that appellant's confinement be probated for six years.

On direct appeal, the Court of Appeals found the evidence to be insufficient to support the jury's findings that appellant was guilty of the thefts alleged in counts two, three, four, five and six, and ordered an acquittal as to those charges. *Goodwin v. State*, 738 S.W.2d 1 (Tex.App.—Tyler, 1987). The Court found the evidence sufficient to support appellant's guilt on count one, and reversed the conviction for "a new trial on the issue of punishment under said count." *Goodwin v. State*, 738 S.W.2d, at 5.

We granted appellant's petition for discretionary review on two grounds: first, that the recent legislative amendment to Art. 44.29(b), V.A.C.C.P., is not applicable to the instant case because it would constitute an ex post facto violation; and, second, that the Court of Appeals erred in failing to enter a judgment of acquittal as to count number one. We will affirm the decision of the Court of Appeals.

In his first ground for review, appellant argued in his brief that "Art. 44.29(b), V.A.C.C.P., is not applicable since it would constitute an ex post facto violation." Appellant relies upon the ex post facto clause of the U.S. Constitution and

the ex post facto provision of the Texas Constitution. Art. I, § 10, U.S. Const.; and Art. I, § 16, Tex. Const. Recently, this Court handed down its decision in *Grimes v. State,* 807 S.W.2d 582 (Tex.Cr.App.1991). In *Grimes,* this Court held application of Art. 44.29(b) to a defendant in appellant's position "is not prohibited by the ex post facto clause of the United States Constitution or the ex post facto provision of the Texas Constitution." *Grimes v. State,* at 587. Appellant's first ground for review is overruled.

■ In appellant's second ground for review, he argued that the Court of Appeals "erred in failing to enter a judgment of acquittal as to count number one" of the indictment, since "all six transactions were aggregated under § 31.09, Texas Penal Code." Appellant urged that when separate transactions are aggregated under § 31.09, they become one offense. Appellant cited *Brown v. State,* 640 S.W.2d 275 (Tex.Cr.App.1982) in support of this argument. Appellant pointed out that the Court of Appeals' reversal of the jury's findings of guilt on five of the six thefts reduced the amount in controversy below $20,000.00, the minimum necessary to establish a second degree felony theft offense. On this basis, appellant called for an acquittal on all charges.

We disagree, and find that the Court of Appeals made the correct disposition in the instant case. Appellant was entitled only to a remand for a new hearing on punishment for the third degree felony offense in count number one of his indictment, upon which the jury convicted him and the Court of Appeals found the evidence to be sufficient. Appellant was not entitled to a verdict of acquittal. See *Lehman v. State,* 792 S.W.2d 82 (Tex.Cr.App.1990). Appellant's second ground for review was improvidently granted. Tex.App.R. Rule 202(k).

We overrule both of appellant's grounds for review. The judgment of the Court of Appeals is affirmed.

CLINTON, J., dissents because Sec. 31.09 "creates one offense which cannot be severed." *Brown v. State,* 640 S.W.2d 275, 278 (Tex.Cr.App.1982).