Anthony Crawford **GARRETT,**
Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 01–90–00492–CR to 01–90–00495–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 23, 1992.

Michael P. Fosher, Houston, for appellant.

John B. Holmes, Jr., Mary Lou Keel, Karen Morris, Houston, for appellee.

Before WILSON, SAM BASS and O'CONNOR, JJ.

## OPINION

WILSON, Justice.

The primary issue before this Court is whether a trial court's instruction on punishment, under TEX.CODE CRIM.P.ANN. art. 37.07, § 4(a) (Vernon Supp.1992), violates an appellant's right to due process, as guaranteed by the fifth and fourteenth amendments of the federal constitution. Anthony Garrett, appellant, was convicted under four separate indictments for aggravated robbery, robbery, and theft. We affirm.

## A. THE ARTICLE 37.07 INSTRUCTION

In four points of error, appellant contends that the trial court erred in instructing the jury in cause number 555,853 about the possibility of parole in accordance with TEX.CODE CRIM.P.ANN. art. 37.07, § 4(a) (Vernon Supp.1992) (the parole instruction). Appellant argues that article 37.07 violates his federal right to due process because (1) it prohibits him from presenting evidence about the applicability of parole, (2) the parole instruction risks assessment of punishment based on "extraneous considerations," (3) the instruction is misleading and contradictory, and (4) the parole instruction permits the jury to abrogate the purpose of the parole laws.

The jury found the appellant guilty as charged by the indictment with the commission of aggravated robbery under TEX.PE-NAL CODE ANN. § 29.03(a)(2) (Vernon 1989)

on June 4, 1990. The jury assessed punishment at 50–years confinement. The jury was instructed during the punishment phase of trial as follows:

> Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
>
> It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.
>
> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-fourth of the sentenced imposed or fifteen years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than six years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.
>
> It cannot be accurately predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because application of these laws will depend on decisions made by prison and parole authorities.
>
> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

During jury deliberations on punishment, the jury sent out written questions, as authorized under TEX.CODE CRIM.P.ANN. art.

36.27 (Vernon 1981). The jury first questioned:

What were the dates of the offenses and sentencing for each of the three prior convictions. Can we review the court records admitted to evidence?

The jury then asked:

Regarding pg. 2, paragraph 3 of the court charge: If a sentence of, say, 20 yrs. is assigned. It is possible to be dismissed after serving ¼, ie 5 yrs. Is there any way in which he could be dismissed after serving less than 5 years? What is the absolute minimum time guaranteed expected to be served?

Finally, the jury asked:

Can restitution to the victim be considered as part of our sentencing?

The trial court instructed the jury that it could not give further instructions in answer to either the second or third request. The record does not reflect how the trial court responded to the first request.

### 1. Constitutionality of article 37.07

■ In 1987, the Court of Criminal Appeals held a charge given under article 37.07, § 4 was unconstitutional.[1] *Rose v. State*, 752 S.W.2d 529, 535, 537 (Tex.Crim. App.1987). Two years later, in 1989, the Texas Constitution was amended to permit the legislature to enact "laws that require or permit courts to inform juries about the effect of good conduct time and eligibility for parole." TEX.CONST. art. 4, § 11(a). Under the constitutional authority of article 4, the legislature reenacted section four of article 37.07.[2] Under the Texas Constitution, a jury charge that includes a parole instruction is no longer unconstitutional. *Oakley v. State*, 830 S.W.2d 107 (Tex.Crim. App., 1992); *Johnson v. State*, 800 S.W.2d 563, 567 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd).

Appellant was tried in June of 1990, under amended article 4, § 11(a), which permits the instruction on the parole laws.

Appellant attacks article 37.07 on federal constitutional grounds. In four separate points of error, appellant argues that the parole instruction violates the principles of fundamental fairness and due process as guaranteed by the fifth and fourteenth amendments to the United States Constitution.

### 2. Opportunity to present evidence

■ In point of error one, appellant argues that his due process rights were violated because he was denied the opportunity to present evidence about the parole laws. Article 37.07 "does not permit the introduction of evidence on the operation of parole and good conduct time laws." TEX. CODE CRIM.P.ANN. art. 37.07, § 4(d) (Vernon Supp.1992). Appellant's contention has been rejected by the Texas Court of Criminal Appeals, which held federal due process is not violated when a defendant is denied the opportunity to present evidence regarding the article 37.07 parole law. *Mohammad v. State*, 830 S.W.2d 953, 955–56 (Tex. Crim.App., 1992).

We overrule point of error one.

### 3. Extraneous considerations

■ In point of error two, appellant contends that to permit a jury instruction pursuant to article 37.07 "risks punishment based on extraneous considerations." The United States Supreme Court has rejected a similar claim and has held that the consideration of parole and commutation laws does not violate federal due process. *California v. Ramos*, 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983); *Clark v. Lockhart*, 512 F.2d 235, 237 (8th Cir.1975).

We overrule appellant's point of error two.

---

1. The charge was mandatory under the provisions of former TEX.CODE CRIM.P.ANN. art. 37.07, § 4(a). [Act of June 13, 1985, 69th leg., R.S., ch. 576, § 1, 1985 Tex.Gen.Laws 2195, 2195, *amended by* Act of May 6, 1987, 70th Leg., R.S., ch. 66, § 1, 1987 Tex.Gen.Laws 170, 170–71, *amended*

*by* Act of June 19, 1987, 70th Leg., R.S., ch. 1101, § 15, 1987 Tex.Gen.Laws 3765, 3765.]

2. Act of May 17, 1989, 71st leg., R.S., ch. 103, § 1, 1989 Tex.Gen.Laws 442, 442–43.

### 4. Misleading and contradictory

 In point of error three, appellant alleges that the parole instruction given was misleading and contradictory. Citing *Perez v. United States*, 297 F.2d 12, 16 (5th Cir.1961), appellant argues that instructions must be consistent and not misleading to the jurors. Appellant's argument was rejected in *Ramos*, 463 U.S. at 1009, 103 S.Ct. at 3458. *See also Henry v. State*, 728 S.W.2d 894, 895 (Tex.App.—Houston [1st Dist.] 1987, no pet.) (holding the parole instruction has a beneficially clarifying effect).

Appellant argues the unconstitutional nature of article 37.07 is demonstrated by the jury's note inquiring about the minimum amount of time appellant could be expected to serve in light of the parole laws. A specific jury's alleged misconduct in considering how the parole laws would affect this particular appellant, however, does not render article 37.07 unconstitutional. Whether a statute is misleading or contradictory should be judged by the content of the statute, not by a particular jury's reaction to the statute. To hold otherwise would result in a case-by-case analysis of the constitutionality of article 37.07 based on an interpretation of the jury's reaction to the statute. We find no support for such a proposition.

We overrule point of error three.

### 5. Abrogation of the purpose of parole laws

In point of error four, appellant argues that the instruction abrogates the purpose of the parole laws in violation of due process. Appellant asserts that the instruction encourages the jury to assess a greater punishment because it permits them to calculate and assess the effects of good time and parole.

Although the instruction directs that the application of good time and parole is in the sole discretion of the prison and parole authorities, appellant has not cited any direct federal or state authority for his proposition.

We overrule appellant's point of error four.

### B. INADEQUATE RECORD

In point of error five, appellant complains that he was denied an adequate record on appeal. Appellant alleges that the record does not contain the statement of facts from the punishment hearing held on June 4, 1990 in cause number 555,853 and evidence of the probation revocation hearing in cause numbers 525,804, 526,467, and 526,468. These records were filed in our Court on August 3, 1990, four months before appellant filed his brief here, on December 13, 1990.

We overrule appellant's point of error five, and affirm the judgment of the trial court.

O'CONNOR, J., dissents without opinion.