**Arturo GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–94–00082–CR.**

Court of Appeals of Texas,
El Paso.

Nov. 22, 1995.

---

M. Clara Hernandez, El Paso County Public Defender, El Paso, for appellant.

Jaime E. Esparza, District Attorney, El Paso, for State.

Before LARSEN, McCLURE and CHEW, JJ.

## *OPINION*

LARSEN, Justice.

The opinion of October 26, 1995 is withdrawn, and the following is the opinion of this Court.

This is an appeal from two jury convictions—one for aggravated sexual assault of a child and one for aggravated kidnaping. The jury assessed punishment at sixty years imprisonment on each count, to run concurrently. We reverse in part, remanding to the trial court for a new trial on punishment. We affirm in all other respects.

On June 5, 1993, Dolores Chavez went shopping with her friend, Leticia Garcia. They took Chavez's twenty-one month old child, N.B., with them. After shopping, they obtained a ride from a friend of Garcia's. They then visited different places and picked up various passengers. Eventually, there were five adults in the car, including appellant, as well as the child. Leticia Garcia was the only person Chavez knew. The car's driver parked near the El Paso County Jail and two women passengers exited to communicate with an inmate.[1] Appellant, the child

---

1. This is accomplished by standing on the sidewalk below the jail and spelling out words in a

and her mother, and another woman remained in the car. After waiting about ten minutes, Chavez left the car and asked the remaining woman to watch her child. As Chavez returned to the car, the woman told her that the car and child were gone. Chavez immediately went to the nearby police station and made a report.

A search began and at about 6:30 a.m., the car was located in an alley near Rosa Street. Appellant was asleep on the backseat of the car and the child was lying on the floor. The police officers awakened appellant and a struggle ensued. Chavez noticed that the baby's pants and diaper were on inside out. The child was taken to Sierra Medical Center for a rape examination where the attending doctor found recent vaginal injuries consistent with penetration by an unknown object. He stated that the injuries had occurred approximately four hours prior to the examination. A drop of blood was found on the child's pants. An analysis of this blood showed it was of a type shared by appellant and approximately 18 percent of the general population.

### *PAROLE LAW INSTRUCTION*

[1] In his first point of error, appellant maintains that the court erred in refusing to strike any references to good conduct credit time from the jury charge at the punishment stage of trial. Over appellant's objection, the jury was instructed that:

> Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of

type of sign language.

**2.** *See* Acts 1989, 71st Leg., R.S., ch. 103, § 1, 1989 Tex.Gen.Laws 442, 443.

**3.** That provision read:

> If a prisoner is serving a sentence for the offenses listed in subdivision (1), subsection (a), § 3g, article 42.12 of this code, or if the judg-

any good conduct time earned by the prisoner.

> It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served, without consideration of good conduct time he may earn equals one-fourth of the sentence imposed or 15 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

> It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Both parties agree that this was the requisite instruction contained in former TEX.CODE CRIM.PROC.ANN. art. 37.07, § (4)(a).[2] Appellant, however, maintains that as former TEX. CODE CRIM.PROC.ANN. art. 42.18, § 8(b)(3) precluded the consideration of good conduct time regarding the alleged offenses in determining parole eligibility,[3] any reference to good time is inapplicable. Appellant also asserts that the references to good conduct are misleading and constitute a denial of due process.

■ The parole charge contained in article 37.07 is constitutional and does not violate

> ment contains an affirmative finding under subdivision (2) of subsection (a) of § 3g of that article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-fourth of the maximum sentence or 15 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years. *See* Acts 1989, 71st Leg., R.S., ch. 785, § 5.01, 1989 Tex.Gen.Laws 3531, 3536.

due course of law or due process. *Muhammad v. State,* 830 S.W.2d 953, 954–56 (Tex. Crim.App.1992); *Oakley v. State,* 830 S.W.2d 107, 111–12 (Tex.Crim.App.1992). Appellant argues, however, that in this specific application, the parole instruction violated due process. We disagree.

We note that the instruction states that good conduct time will not be utilized to determine appellant's eligibility for parole. The jury was further instructed that while they could consider the existence of good conduct time, they should not consider the manner in which good conduct time would specifically apply to appellant. Accordingly, the instruction is not misleading. *See Garrett v. State,* 834 S.W.2d 605, 608 (Tex.App.— Houston [1st Dist.] 1992, pet. ref'd). Point of Error One is overruled.

### *ERROR IN ENTERING JUDGMENT*

■ In his second point of error, appellant contends that the court erred in entering a judgment of guilt for the offense of aggravated sexual assault because the indictment alleged only sexual assault and the application paragraph of the charge only authorized conviction for sexual assault. We agree. The indictment alleged in relevant part:

ARTURO GARCIA on or about the 6th day of June, One Thousand Nine Hundred and Ninety-three and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, did then and there unlawfully, intentionally and knowingly cause the penetration of the female sexual organ of N.B., a child, by means unknown to the Grand Jury....

The charge to the jury at the guilt-innocence stage of trial contained, in pertinent part, the following language:

The word **"child,"** as used herein, means a person younger than seventeen (17) years of age who is not the spouse of the actor.

\*      \*      \*      \*      \*      \*

Now if you find from the evidence beyond a reasonable doubt that on or about the 6th day of June, 1993 in El Paso County, Texas, the defendant, ARTURO GARCIA, did intentionally or knowingly cause the penetration of the female sexual organ of N.B., a female, by means unknown, and that N.B. was then and there a child younger than seventeen (17) years of age and not the spouse of the defendant, then you will find the defendant guilty of sexual assault as charged in Count I of the indictment.

\*      \*      \*      \*      \*      \*

Before a conviction would be warranted, it must be shown by the evidence beyond a reasonable doubt that the accused intentionally or knowingly caused the penetration of the female sexual organ of N.B., by a means unknown to the Grand Jury, and that N.B. was then and there a female child, younger than seventeen (17) years, and not the spouse of the defendant.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty of sexual assault Count I.

The jury returned a verdict stating, "We the jury, find the defendant, ARTURO GARCIA, guilty of SEXUAL ASSAULT OF A CHILD, COUNT I, as alleged in the indictment." The judgment, however, recites that appellant was convicted of aggravated sexual assault of a child. The state did not object to the instruction given to the jury.

TEX.PENAL CODE ANN. § 22.011(a)(2)(A) (Vernon 1994) provides that a person commits sexual assault if the person intentionally or knowingly "causes the penetration of the anus or female sexual organ of a child by any means." The term "child" means a person younger than seventeen (17) years of age who is not the spouse of the actor. TEX.PENAL CODE ANN. § 22.011(c)(1) (Vernon 1994). This offense constitutes a second-degree felony. TEX.PENAL CODE ANN. § 22.011(f) (Vernon 1994).

An individual commits the offense of aggravated sexual assault of a child if the person intentionally or knowingly "causes the penetration of the anus or female sexual organ of a child by any means," and "the victim is younger than 14 years of age." TEX.PENAL CODE ANN. § 22.021(a)(1)(B)(I) and (a)(2)(B) (Vernon 1994). The term "child" with regard to this statute has the same meaning indicated in § 22.011(c)(1). This offense is a first-degree felony.

TEX.PENAL CODE ANN. § 22.021(e) (Vernon 1994). The only difference between the two statutes is that aggravated sexual assault of a child requires that the victim be less than fourteen years of age.

Appellant's contention here is that the judgment entered did not reflect the jury's verdict, the indictment, or the attendant application paragraph in the charge. The state counters that because both parties referred to the offense as aggravated sexual abuse of a child, appellant had notice of the true nature of the offense and was not harmed by the failure of the indictment and the application paragraph to allege that the child was younger than fourteen years of age. The state's argument, however, fails to address appellant's claim that a basic evidentiary failure precluded the trial court from entering judgment upon the greater offense.

■ In *Fisher v. State*, 887 S.W.2d 49, 57 (Tex.Crim.App.1994), the Court of Criminal Appeals held that where an indictment facially alleges a complete offense, the state is bound by the theory alleged in the indictment as incorporated in the charge. If the instruction broadens the basis upon which the state can obtain a conviction, the appellate court shall review the sufficiency of the evidence by comparing the evidence to the indictment as properly incorporated in the instruction. The court disregards any language in the instruction which expands upon the theory set forth in the indictment. *Id.*

■ Where the indictment fails to facially allege a complete offense, on the other hand, the state may attempt to prove (and the defendant is deemed to be on notice of) any theory of the offense that is consistent with the incomplete indictment and the controlling penal provision examined together. The instruction may broaden the state's theory as set forth in the incomplete indictment as long as the instruction remains consistent with the allegations contained in the indictment and with the controlling penal provision. The reviewing court measures sufficiency of the evidence against the instruction, eliminating from its consideration any language expanding the state's theory beyond that which would be consistent with the allegations in the incomplete indictment and the controlling

penal provision examined together. *Fisher,* 887 S.W.2d at 57–58.

■ An indictment is facially incomplete if it fails to allege all the elements of an offense. *Id.* at 55. In that instance, the reviewing court must ascertain the penal provision the indictment is based upon. Then the court compares that penal provision with the instruction to the jury. *Id.* The instruction should allege all the elements of the offense as contained in the controlling penal provision. If the jury instruction properly incorporates all of the essential elements of the offense as set forth in the controlling penal provision, the appeals court can proceed to measure the sufficiency of the evidence against the instruction given. *Id.* at 55–56. Here the indictment is facially incomplete as it does not allege that the child was not the spouse of the defendant, a necessary element of proof. *See* TEX.PENAL CODE ANN. § 22.011(c)(1); TEX.PENAL CODE ANN. § 22.021(a)(2)(B) and § 22.021(b). The state acknowledges that the indictment is facially incomplete and urges us to utilize aggravated sexual assault of a child as the controlling penal provision instead of sexual assault of a child. As the indictment does not state the age range of the complainant, either penal provision could arguably apply. We cannot, however, expand the theory set forth in the indictment to encompass aggravated sexual assault of a child because there is no such expansion in the instruction. The instruction simply does not state that the jury must find that the victim was less than fourteen years old. Accordingly, under the *Fisher* standard, the evidence is sufficient to warrant a conviction for sexual abuse of a child. We find that the trial court had no authority to enter a judgment for aggravated sexual assault of a child. As the evidence is sufficient to constitute the offense of sexual assault of a child under the authority of *Goodwin v. State,* 815 S.W.2d 586, 588 (Tex.Crim.App.1991), we reform the judgment and sentence to reflect conviction of a second-degree felony and pursuant to TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1995), remand Count I to the trial court for a new punishment hearing. Point of Error Two is sustained.

## CONCLUSION

We affirm the judgment of the trial court on Count II, aggravated kidnapping, and we reverse the judgment of the trial court on Count I, aggravated sexual assault of a child. We remand Count I for a new punishment hearing, and order the judgment reformed to reflect a conviction for sexual assault of a child.