Stella Marie BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–81–179–CR.

Court of Appeals of Texas,
Waco.

April 15, 1982.

Robert C. Dunn, Corsicana, for appellant.

Patrick C. Batchelor, Criminal Dist. Atty., Corsicana, for appellee.

## OPINION

McDONALD, Chief Justice.

Defendant appeals from conviction for murder for which she was sentenced to not less than 5 nor more than 30 years confinement in the Texas Department of Corrections.

Defendant and a male cousin were leaving an upstairs apartment when deceased approached them and began fighting with defendant's cousin. Defendant testified that because the two men would not stop fighting she took a gun from her purse and began firing. Defendant confessed to the shooting in which deceased was shown to have received six gunshot wounds.

■ Ground of error 1 asserts the trial court erred in allowing the prosecutor to cross-examine defendant regarding her sexual promiscuity, drug use and declarations that she intended to kill the deceased. With one exception, the defendant's answer was "no" to the questions. No further attempt was made by the State to contradict her answer. Under these circumstances no reversible error is shown; Defendant's denials had the effect of negating any harm from that line of questioning. *Mahaffey v. State*, Tex.Cr.App., 471 S.W.2d 801. The questions themselves did not inject harmful matter into evidence, and we do not believe that the questions were clearly calculated to inflame the minds of the jury, nor were they of such a character as to suggest the impossibility of withdrawing the impression produced. *Walker v. State*, Tex.Cr.App., 555 S.W.2d 454. We note at this point that even if the questions had created prejudicial impressions in the minds of the jurors, defendant's failure to object and failure to request curative instructions prevented the trial court from having the opportunity to withdraw the impressions produced by the questions. Defendant has consequently waived her right to complain about them on appeal. *Henderson v. State*, Tex.Cr.App., 617 S.W.2d 697, 698.

■ Defendant's claim that she was improperly cross-examined regarding her sexual promiscuity is based on the following exchange: Q. "Stella, you were living with Sonny Robinson's brother at that time; is that right?" A. "Yes." We are not wholly convinced that this question and answer suggested sexual promiscuity; regardless, the question could not be viewed as one calculated to inflame the minds of the jury. Defendant also failed to object to this question, thus waiving the issue as a basis for error on appeal. No reversible error is shown, and ground of error 1 is overruled.

Ground of error 2 asserts the trial court erred in refusing to allow defense witnesses to testify as to the bad reputation of deceased. Defendant sought to introduce the testimony of Shirley Bonner who had been raped by the deceased and of Nile Omberg who had been threatened by deceased. Defendant maintains such testimony admissible to show deceased's reputation in the community was bad.

■ The general reputation of the deceased as a violent and dangerous person and specific acts of violence or misconduct of the deceased which show his violent character are admissible in a homicide case where there is evidence of some act of aggression by the deceased which gives rise to a claim of self-defense on the part of the defendant. If offered to show the reasonableness of the defendant's claim of apprehension of danger, it must be shown that the acts of violence were known to the defendant at the time of the homicide. If offered to show the deceased was in fact the aggressor, the witness must know, but the defendant need not have known of the violent acts at the time of the homicide. *Lowe v. State*, Tex.Cr.App., 612 S.W.2d 579,

**194**

580–581; *Beecham v. State*, Tex.Cr.App., 580 S.W.2d 588, 590; *Lewis v. State*, Tex. Cr.App., 463 S.W.2d 186, 188; *Dempsey v. State*, 159 Tex.Cr.R. 602, 266 S.W.2d 875, 877–878.

■ Counsel for defendant argued at trial that Bonner's testimony was offered "to show the state of mind of Stella Brown." However, there was no showing that defendant knew of the rape of Bonner. The testimony was inadmissible.

■ The testimony of Omberg was offered at trial without any statement as to why it was being offered. Omberg was not familiar with deceased's reputation in the community and knew him only because of two business transactions. There was no showing that defendant knew deceased had threatened Omberg. No error is shown.

■ Finally, the defendant asserts error in the trial court's refusal to allow a witness to testify because she had been present during the trial in violation of the rule. Whether to allow a witness who has violated the rule to testify is within the sound discretion of the trial court. It was not error for the trial court to refuse to allow the witness to testify. *Beecham v. State*, supra at 591. Ground of error 3 is overruled.

AFFIRMED.