**Samuel SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0952–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 26, 1987.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Eleanor M. McCarthy, Alice Brown, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, LEVY and HOYT, JJ.

## OPINION

LEVY, Justice.

A jury found appellant guilty of aggravated robbery, enhanced by two prior felony convictions, and assessed punishment at 99 years confinement.

On the morning of June 25, 1985, two men took $9,361 from Trahan's Supermarket while threatening Don Walpole, the assistant manager, with a pistol. Walpole and two other individuals identified appellant in a line-up and subsequently identified him at trial. Appellant raises nine points of error, and does not challenge the sufficiency of the evidence.

In appellant's first point of error, he claims generally that the trial court erred by charging the jury on the law of parties. Appellant's trial objection was general and failed to inform the court in what specific respect the appellant regarded the charge defective, and thus did not give the court a fair opportunity to correct any defect. Even assuming that the trial court committed the alleged error in charging the jury, the error was harmless because the evidence clearly supports appellant's guilt as a primary actor. *See Govan v. State*, 682 S.W.2d 567, 571 (Tex.Crim.App.1985). The State presented eyewitness testimony that established appellant's role both as the person who used the pistol and held it to the back of Walpole's head, and as the one who took the money. That conduct alone is sufficient to sustain appellant's conviction as a primary actor. Appellant's first point of error is overruled.

In appellant's second point of error, he contends that the trial court erred in overruling his objection to a statement made by the State in closing argument, suggesting that appellant raised the issue

of whether he actually took the money. However, the evidence supports the State's argument because it is a reasonable deduction from the evidence that appellant's codefendant stole the money while appellant held the gun. *See Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App.1973). Because evidence exists raising the issue of whether appellant physically took the money, there is support for the prosecutor's argument, which was a reasonable summation of the evidence. Accordingly, appellant's second point of error is overruled.

■ Appellant argues in his third point of error that the trial court erred in allowing the State to question Officer R.S. Rivas concerning a line-up and his filing of charges after the line-up, because his testimony constituted improper bolstering. The officer stated that he conducted a line-up involving this appellant, but did not testify that any of the witnesses identified the appellant at the line-up; he stated only that after the line-up, he filed charges against the appellant. Although appellant objected to the "procedure" involved in line-ups, appellant did not object at trial specifically to Rivas's testimony regarding his filing of charges against appellant. The trial court was not given an opportunity to correct the alleged error of which appellant now complains on appeal. This point of error is waived. *See Bird v. State*, 692 S.W.2d 65, 71 (Tex.Crim.App.1985); *Crocker v. State*, 573 S.W.2d 190, 205 (Tex.Crim.App.1978). Appellant's third point of error is overruled.

Appellant claims in points of error four through six that Tex.Code Crim.P.Ann. art. 37.07, sec. 4 (Vernon Supp.1986), is unconstitutional because it violates "separation of powers" provisions in the Texas and the U.S. Constitutions by circumventing the judiciary's power to interpret and construe the law and by requiring the jury to perform acts that have been held constitutionally impermissible by the courts. Appellant claims that the legislature upset the judicial function by imposing a mandatory interpretation of the parole statute. In addition, appellant argues that the legislature may not require a charge on parole when it has been declared impermissible on a constitutional basis. *See generally Hernandez v. State*, 366 S.W.2d 575, 576 (Tex. Crim.App.1963).

The State replies that appellant did not assert the objections at trial that he now attempts to raise on appeal and, therefore, that he has waived any impropriety, *Euziere v. State*, 648 S.W.2d 700, 703 (Tex.Crim. App.1983), including the question of the constitutionality of a statute. *See Casares v. State*, 712 S.W.2d 818, 821 (Tex.App.— Houston [1st Dist.] 1986, pet. pending). Appellant's objection at trial is as follows:

> We further except and object to the Court's charge on Page 2, beginning with the paragraph which reads under the law applicable to this case, and ending with the paragraph which starts you may consider the existence of parole law and good conduct time, in that said law, although the Court may be required by the statute, present statutes passed by the Legislature to include such charge, that such charge is unconstitutional on its face, that neither side is allowed to produce evidence regarding the application of parole law to the defendant in question, and that although the law instructs the jury not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant, and further instructs the jury not to consider the manner in which the parole law may be applied to this particular defendant. That is the intent of the Legislature. The last two statements contained the Court's charge, which I believe are taken directly from the law, why should the jury be charged on it, and further, we object that it is unconstitutional to charge the jury as set out by the Legislature in that not only are both sides precluded from introducing evidence thereon, but further, this statement of the parole law is an abbreviated statement of the parole law in Texas, and does not explain to the jurors how a person earns good conduct time and how it may be taken away. It does not explain the different levels or grades of trustees to which a defendant may be granted or may become a trustee at dif-

ferent levels, and all the other provisions that control the classification and such good time people in those classifications who serve time may be entitled to.

We conclude that appellant has adequately, but perhaps not perfectly, raised the constitutional objection at trial that he attempts to assert on appeal. We accordingly proceed to consider the point on its merits. Requiring the courts to set forth specific language in jury charges does not in itself usurp the judicial function or violate separation of powers. The judiciary remains free to interpret the law and determine guilt or innocence, and is not curtailed in those functions by article 37.07. In addition, we note that this Court has clearly decided these issues. In *Clark v. State*, 721 S.W.2d 424 425 (Tex.App.— Houston [1st Dist.] 1986, pet. pending), this Court stated:

(A)ppellant cites no Texas cases prohibiting the regulation of the contents of the jury charges by the legislature. Absent such authority, we apply the presumption that the statutory instruction is valid, and conclude that the instruction is not an unconstitutional legislative encroachment upon judicial power.

Accordingly, appellant's points of error four through six are overruled.

In point of error seven, appellant claims that the legislative amendments to article 37.07, section 4, violate article II, section 1, of the Texas Constitution in that they attempt to usurp the power of the executive branch. Appellant asserts that the legislative amendments are void because they are an attempt to affect the powers reserved to another branch of government and because any contrary argument presumes that the legislative purpose was to prevent confusion. Again, appellant's argument was not raised in the trial court, and this Court has previously addressed the issue. In *Clark* we discussed whether an instruction given pursuant to this statute was unconstitutional, and held,

(n)either is the required instruction an unconstitutional judicial usurpation of executive power. The ... language merely instructs the jury that it 'may consider the existence of parole law and good conduct time' and forbids any attempt to ascertain what effect it may have on any punishment assessed.

*Clark v. State*, 721 S.W.2d 424 at 425–426.

It does not follow from the court's charge informing the jury of the parole eligibility laws that a jury is ipso facto authorizing parole, or invested with the authority to grant parole, and the reduction of such confusion in juries does not interfere with the exercise of the executive branch's pardoning power in any respect or to the slightest degree. The jury is specifically instructed in each case that it is not to speculate concerning the possible application of the parole eligibility rules to a particular defendant.

Accordingly, appellant's seventh point of error is overruled.

Appellant argues in points of error eight and nine that the trial court erred in charging the jury on parole pursuant to article 37.07, section 4(a), because section 4(a) refers to Tex.Code Crim.P. art. 42.12, secs. 3g(a)(1) and (2), for certain designated offenses and affirmative findings, upon the occurrence of which the court would charge the jury as therein set forth. But article 42.12, sec. 3f does not contain the offense of aggravated robbery with which the appellant is charged. Appellant claims, therefore, that the trial court incorrectly charged on the law of parole, and that this incorrect charge denied him due process of law. *See generally Hernandez v. State*, 366 S.W.2d at 576. Appellant argues that the Court may not substitute sections 3g(a)(1) and (2), which are the presumably correct referents, because such substitution is not a matter within the court's judicial discretion.

Although there is merit in appellant's assertion, appellant did not preserve this issue for appeal by making a proper objection at trial. Thus, the trial court was not given an opportunity to correct the claimed error in the charge, and the issue was waived. *See generally Brown v. State*, 632 S.W.2d 191, 193 (Tex.App.—Waco 1982,

no pet.); *see also Casares v. State*, 712 S.W.2d at 821. Accordingly, appellant's eighth and ninth points of error are overruled.

The judgment of the trial court is affirmed.