**Wayne Louis HOUSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–86–197–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 23, 1987.

Johnny L. Charles, Allen C. Isbell, Houston, for appellant.

Charles D. Houston, Bellville, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Wayne Louis Houston, appeals a judgment of conviction for delivery of a controlled substance (less than twenty-eight grams of cocaine). Appellant entered a plea of not guilty. The jury found him guilty and assessed punishment at twenty-five (25) years confinement in the Texas Department of Corrections. We reverse the judgment of the trial court and remand the cause for trial.

Appellant presents eight points of error. In three points he alleges the trial court committed reversible error in allowing the introduction of testimony regarding an extraneous offense. We agree that the testimony was improperly admitted, and sustain point of error one. It is therefore unnecessary to address points two and three. In points of error four through eight appellant challenges the constitutionality of parole instructions given pursuant to article 37.07 § 4 of the Texas Code of Criminal Procedure. We overrule the final points of error.

Appellant alleges in his first point of error that the trial court committed reversible error in overruling his timely objection to the introduction of testimony regarding an extraneous offense, the delivery of a controlled substance, committed three days prior to the alleged offense. He contends the offense was not relevant to any contested material issue. He argues in his second and third points that the evidence was improperly admitted since it did not assist the jury in resolving any contested issue and did not rebut his defense of entrapment.

A brief outline of facts is necessary. The record shows that Jewel Fisher, a police officer in Somerville, Texas, was working in an undercover capacity with the Bellville Police Department at the time of the offense. Fisher testified that on the night of November 13, 1985, he and Rev. J.R. Johnson, a paroled felon then under indict-ment, met appellant and two other men at a trailer home in Bellville, Texas. Appellant counted out twenty-four bags containing a white powdered substance, later identified as cocaine, and gave them to Fisher in exchange for money. Fisher made an in-court identification of appellant as the man who delivered the cocaine to him. Appellant admitted delivering twenty-four packets of cocaine to Fisher on the night of November 13, 1985.

Johnson, who was acting as a confidential informant with the Bellville Police Department at the time of the offense, testified he and appellant had been friends for eighteen years. Johnson had worked as a police informant on previous cases, and had agreed to work with the Bellville police on appellant's case.

Johnson testified as follows as to his reasons for contacting appellant to arrange a cocaine sale:

> [Johnson]: Chief Parker said, that he would inform the DA that I was trying to help him out on something.
>
> [Defense Counsel]: Do you know why he would inform the DA that you were trying to help him out?
>
>   *   *   *   *   *   *
>
> [Johnson]: I guess it was because of my case I had pending.

Johnson also stated he had telephoned appellant in order to set up an introduction with Fisher. He introduced undercover Officer Fisher as a prospective buyer to appellant at a Bellville park on November 10, three days earlier than the date of the alleged offense. Johnson testified appellant delivered a quantity of cocaine to Fisher on November 10, 1985.

According to the testimony of Bellville Chief of Police B.J. Parker, Johnson had cooperated with the police on appellant's case. Parker testified he advised Johnson "[t]o just introduce Fisher" to appellant. On direct examination, Parker responded to the following questions regarding Johnson's cooperation:

> Q. Do you know whether or not J.R. Johnson is currently charged with any crimes?

A. Yes; he is.

\* \* \* \* \* \*

Q. What is it, sir?

A. Forgery.

\* \* \* \* \* \*

Q. Chief Parker, did you at any time tell J.R. Johnson that you would speak to members of the Austin County District Attorney's office regarding his case if he cooperated with you?

A. Yes.

The trial court denied appellant's motion for a separate hearing on entrapment as a matter of law and submitted the issue for jury determination. An instruction on entrapment was included in the jury charge.

Appellant was indicted separately for the offenses of November 10 and 13, but was on trial for the November 13 offense only. Appellant's defense was based on entrapment.

Relying on the line of cases holding evidence of an extraneous offense admissible to refute a defensive theory, the State argues that evidence of the November 10 cocaine sale was properly admitted to rebut appellant's entrapment defense. *See Albrecht v. State*, 486 S.W.2d 97, 101 (Tex. Crim.App.1972); *Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim.App.1983). The State also contends evidence of the extraneous offense was specifically relevant to the contested material issue of appellant's intent in delivering cocaine to Officer Fisher, which he placed in issue through his entrapment defense.

■ We are not persuaded by the State's argument. Texas has adopted the objective test of entrapment. Therefore, once the trial court has determined there was an inducement, the focus shifts to the nature of the State agent activity involved, without reference to the predisposition of the particular defendant. *Johnson v. State*, 650 S.W.2d 784, 788 (Tex.Crim.App.1983); *Norman v. State*, 588 S.W.2d 340, 346 (Tex.Crim.App.1979); *Donnell v. State*, 677 S.W.2d 199, 203 (Tex.App.—Houston [1st Dist.] 1984, no pet.).

■ Appellant raised the defense of entrapment at a pretrial motion, during voir dire, and with his own testimony. However, his predisposition to commit the November 13 offense is not relevant under the objective test of entrapment. The admission of evidence of the extraneous offense was both irrelevant and harmful to appellant. *Donnell v. State*, 677 S.W.2d at 203.

We hold evidence of the extraneous offense was improperly admitted. Any relevancy value the evidence may have had was outweighed by its potential for prejudice, and appellant was thereby harmed. *Williams v. State*, 662 S.W.2d at 346. Appellant's first point of error is sustained. Since we have sustained point of error one, we need not discuss points two and three.

We now address the merits of appellant's points of error concerning the constitutionality of parole instructions given pursuant to article 37.07 § 4 of the Texas Code of Criminal Procedure. Appellant asserts in points of error four through eight that the trial court committed reversible error in giving a jury instruction pursuant to article 37.07 § 4 of the Texas Code of Criminal Procedure. He claims the jury charge is unconstitutional because it violates the separation of powers doctrine, invites jury speculation, is vague and confusing, and misleads jurors as a matter of law.

■ We note initially that the record shows appellant failed to object at trial to the parole eligibility jury charge. Therefore, reversal will result only if appellant can show error so fundamental as to cause him egregious harm, thus depriving him of a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171–72 (Tex.Crim. App.1985). We find no such showing of harm in the record. Although we hold appellant has not preserved error in points four through eight, we shall nevertheless consider briefly the constitutional claims asserted.

In his fourth and fifth points of error, appellant claims article 37.07 § 4 unconstitutionally violates the separation of powers doctrine, since it is a legislative encroach-

ment upon both judicial powers and executive clemency powers.[1]

Article 37.07 § 4 mandates the following jury charge:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-third of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Tex.Code Crim.Proc.Ann. art. 37.07 § 4(c) (Vernon Supp.1987).

■ Both the statute and the punishment charge, which tracks verbatim the statutory language, merely advise the jury of certain parole laws promulgated by the legislature. Requiring courts to set forth specific language in jury charges does not in itself encroach on the judicial function. *Smith v. State,* 727 S.W.2d 344, 347 (Tex. App.—Houston [1st Dist.] 1987, no pet.). Moreover, because the statutory language does not invite the jury to consider how parole laws will affect a particular defendant, it is not an unconstitutional encroachment or unsurpation of executive powers. *Hardy v. State,* 722 S.W.2d 164, 166 (Tex. App.—Houston [14th Dist.] 1986), remanded on other grounds, 726 S.W.2d 158; *Clark v. State,* 721 S.W.2d 424, 425–26 (Tex.App.—Houston [1st Dist.] 1986, no pet.). We hold article 37.07 § 4 does not violate the constitutional separation of powers doctrine.

■ Appellant alleges in his sixth point of error that the statute is unconstitutional because it invites jurors to speculate on matters outside of punishment. He claims further in point of error seven that article 37.07 § 4 is unconstitutionally vague and confusing. We do not find article 37.07 § 4 to be vague; neither does it invite juror speculation. We hold, rather, that the statute results in a clarification for jurors of the law about which they tend to speculate. *Ruiz v. State,* 726 S.W.2d 587, 589 (Tex. App.—Houston [14th Dist.] 1987, pet. pending).

Appellant argues in his final point of error that the jury charge, based on the language of article 37.07 § 4, misleads jurors as a matter of law. For the reasons set forth above, we disagree and hold the statutory charge does not mislead the jury as a matter of law.

We hold article 37.07 § 4 constitutional. We further hold the trial court properly gave the statutorily mandated parole eligibility charge to the jury. Points of error four, five, six, seven, and eight are overruled.

---

1. Appellant cites article 37.07 § 4(b) and complains of the court's charge given pursuant to article 37.07 § 4(b) in his points of error. However, we note the charge copies verbatim the language in article 37.07 § 4(*c*). We shall refer throughout the opinion to article 37.07 § 4 generally, since the constitutional issues apply to all subsections of section 4.

 

The judgment of the trial court is reversed and the cause remanded for a new trial.