**TUAN VAN TRUONG, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–85–877–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 23, 1987.

---

3. The trial court also made a contingent award of attorney's fees on appeal.

Jed Robinson, Houston, Merrilie Maull, Sugar Land, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant entered a plea of not guilty before a jury to the offense of indecency with a child. TEX.PENAL CODE ANN. § 21.11. He was convicted and the jury assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(a), at imprisonment for ten years. We affirm.

Appellant's appointed counsel filed a brief in which he concludes that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by advancing frivolous contentions which might arguably support the appeal. *See Gainous v. State* 436 S.W. 2d 137 (Tex.Crim.App.1969); *Jackson v. State,* 485 S.W.2d 553 (Tex.Crim.App.1972); *Currie v. State,* 516 S.W.2d 684 (Tex.Crim. App.1974).

A copy of counsel's brief and the appellate record were delivered to appellant, and appellant was advised of the right to file a pro se brief. With the assistance of the office of Staff Counsel for Inmates of the Texas Department of Corrections, appellant has submitted a pro se brief raising three points of error.

In his points of error, appellant attacks the charge of the court at the sentencing phase which instructed the jury regarding parole and good conduct time. In his first point of error, appellant maintains that the trial court erred by submitting the charge. In his second point of error, appellant maintains the application of the law mandating an instruction regarding the effect of parole and good conduct time, TEX.CODE CRIM.PROC. art. 37.07 § 4, is an unconstitutional ex post facto law. In his third point of error, appellant asserts that the law mandating the parole and good conduct instruction is unconstitutional as a violation of the separation of powers doctrine.

■ Appellant's first point of error is based on a written objection to the charge filed by appellant's trial counsel. As appellant concedes in his pro se brief, the written objection boils down to a void-for-vagueness argument, apparently formulated with the Due Process clause of the Fourteenth Amendment in mind. The statute and required charge are not unconstitutionally vague. *Houston v. State,* 735 S.W.2d 903 (Tex.App.—Houston [14th Dist.], 1987, no pet.); *Moore v. State,* 723 S.W.2d 335 (Tex.App.—Houston [1st Dist.] 1987, no pet.); *Clark v. State,* 721 S.W.2d 424 (Tex.App.—Houston [1st Dist.] 1986, pet. granted). Appellant's first point of error is overruled.

■ In his second point of error, appellant argues that application of the instruction contained in TEX.CODE CRIM.PROC. art. 37.07 § 4 in this case constitutes the operation of an ex post facto law. This argument is directly contrary to a decision of the San Antonio Court of Appeals. *Diaz v. State,* 722 S.W.2d 482 (Tex.App.—San Antonio 1986). And, that decision appears

well grounded in logic and law, since the Court of Criminal Appeals has held ex post facto considerations only apply where substantive rights are affected, rather than procedural matters. *Ex parte Nelson*, 594 S.W.2d 67 (Tex.Crim.App.1979); *Chalin v. State*, 645 S.W.2d 265 (Tex.Crim.App.1982). Appellant makes no showing of any substantive vested right which has been impaired or deprived by operation of the provision in question. Appellant's second pro se point of error is overruled.

In his third and final point of error, appellant asserts that the statute in question is violative of the separation of powers provision of the Texas Constitution. TEX. CONST. art. II, § 1. As a result, he maintains the instruction given by the trial court concerning good conduct time and parole constitutes reversible error. Appellant's trial objection, as seen, is cast wholly in terms of vagueness, and no mention is made of separation of powers considerations. Where no issue is raised on a specific ground during trial, nothing is presented for review. *Craig v. State*, 594 S.W.2d 91 (Tex.Crim.App.1980).

This Court is, of course, cognizant of the recent ruling of the Court of Criminal Appeals in *Rose v. State*, No. 193–87 (Tex.Crim.App. November 12, 1987) (not yet reported) where a majority held an instruction on the law of parole contained in the charge of the court to be unconstitutional. A majority also held, however, that the harm presented by such an objection is not so egregious as to warrant reversal in the absence of a specific objection. *See Almanza v. State*, 686 S.W.2d 157 (Tex. Crim.App.1984). Appellant is in the same position here as the appellant was in *Rose*, since he did not object to the parole instruction on separation of powers grounds. Appellant's third pro se point of error is overruled. Further, we find no reversible error in the record.

Accordingly, the judgment of the trial court is affirmed.