In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00134-CR
______________________________


MISTY DAWN ROGERS, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31,679-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Appellant, Misty Dawn Rogers, has filed a motion asking this Court to dismiss her
appeal. Pursuant to Tex. R. App. P. 42.2, her motion is granted.
Â Â Â Â Â Â Â Â Â Â Accordingly, we dismiss her appeal. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â September 27, 2004
Date Decided:Â Â Â Â Â Â Â Â Â September 28, 2004

Do Not Publish



lt as set out in a
different section of the Texas Penal Code--because the victim is now alleged to have been under
fourteen years of age. See Tex. Penal Code Ann. § 22.021(a)(1)(A), (B) (Vernon Supp. 2006). 
Second, as the trial court properly noted before allowing the State's proposed change, the amendment
increases the applicable punishment range from that provided for second-degree felony offenses to
that provided for first-degree felony offenses. Compare Tex. Penal Code Ann. Â§Â 22.011(f) and 
Â§ 22.021(e). Because the change constituted an erroneous amendment, we must now determine
whether the error was harmful.

(2) The Error Harmed Aubrey's Substantial Rights

 Before 1997, a violation of Article 28.10 of the Texas Code of Criminal Procedure required
automatic reversal of the conviction, without regard to harm analysis. See, e.g., Sodipo, 815 S.W.2d
at 556; Hilton, 879 S.W.2d at 79; Brown, 843 S.W.2d at 711. But beginning September 1, 1997, the
effective date of the new Rules of Appellate Procedure, the general rule regarding harm analysis
changed. See Curry v. State, 1 S.W.3d 175, 178 (Tex. App.--El Paso 1999), aff'd, 30 S.W.3d 394
(Tex. Crim. App. 2000). The current rule provides,

(a) Constitutional Error. If the appellate record in a criminal case reveals
constitutional error that is subject to harmless error review, the court of appeals must
reverse a judgment of conviction or punishment unless the court determines beyond
a reasonable doubt that the error did not contribute to the conviction or punishment.


(b) Other Errors. Any other error, defect, irregularity, or variance that does not
affect substantial rights must be disregarded.

Tex. R. App. P. 44.2. Errors no longer result in automatic reversal. Instead, the reviewing court
must classify the error and conduct the appropriate harm analysis.

 The error in this case stems from a violation of a procedural statute, not a violation of a
constitutional requirement. The appropriate standard of harm analysis is under Rule 44.2(b). Cf.
Craig v. State, No. 06-02-00151-CR, 2003 Tex. App. LEXIS 4788, at *12-13 (Tex.
App.--Texarkana June 6, 2003, no pet.) (mem. op., not designated for publication). Under Rule
44.2(b), we are to disregard all nonconstitutional errors that do not affect an accused's substantial
rights. To do this, we must decide whether the error had a substantial or injurious effect on the jury's
verdict. Llamas v. State, 12 S.W.3d 469, 471 n.2 (Tex. Crim. App. 2000). "A criminal conviction
should not be overturned for non-constitutional error if the appellate court, after examining the
record as a whole, has fair assurance that the error did not influence the jury, or had but a slight
effect." Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); see also King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997).

 Given the record before us, the erroneous amendment had a significant effect on the jury's
verdict and the resulting judgment. The amendment raised the offense from a second- to a first-degree felony. After the jury found Aubrey guilty under the erroneously amended indictment, it
assessed Aubrey's sentence at thirty years' imprisonment--ten years more than the maximum
sentence he faced before the State's improper amendment. The trial court sentenced him
accordingly. Such error clearly had much more than a slight effect. Accordingly, we sustain
Aubrey's point of error.

 In Curry, the Eighth Court of Appeals held the trial court erred by permitting the State to
amend the indictment over the accused's objection after trial had begun. 1 S.W.3d at 180-81. But
because Curry had also challenged the legal sufficiency of the evidence to support the underlying
conviction--and because sustaining such a challenge would result in an acquittal--the El Paso Court
of Appeals also assessed the legal sufficiency of the evidence. (4) 

 In this case, Aubrey has neither challenged the legal sufficiency of the evidence to support
a conviction for either sexual assault or aggravated sexual assault, nor does he raise any other issues
that, if sustained, would require a judgment of acquittal. The appropriate disposition of this case is
remand for a new trial.

 






 Because the error resulted in harm to Aubrey's substantial rights, and because such error
occurred during the guilt/innocence phase of the trial, we reverse the trial court's judgment and
remand the case for a new trial under the original charge, (5) in accordance with this opinion. See id.
at 181.



 


 Josh R. Morriss, III

 Chief Justice



Date Submitted: October 16, 2006

Date Decided: October 31, 2006


Do Not Publish


1. The indictment alleged Aubrey committed a criminal offense by "intentionally or knowingly
caus[ing] the penetration of the sexual organ of [A.H.], a child who was then and there younger than
17 years of age and not the spouse of the defendant, by defendant's finger." Such conduct is
prohibited by Texas' general sexual assault statute. See Tex. Penal Code Ann. Â§Â 22.011(a)(2)(A)
(offense criminalized), Â§Â 22.011(c)(1) (Vernon Supp. 2006) (defining "child" as "person younger
than 17 years of age who is not the spouse of the actor"). Sexual assault is a second-degree felony,
punishable by imprisonment of between two and twenty years, a fine of not more than $10,000.00,
or both imprisonment and a fine. Tex. Penal Code Ann. Â§ 12.33 (Vernon 2003), Â§ 22.011(f)
(Vernon Supp. 2006). Sexual assault becomes a first-degree felony if it is alleged and shown that
the victim was a person whom the accused was prohibited from marrying (or purporting to marry)
under the statute outlawing bigamy. Tex. Penal Code Ann. Â§ 22.011(e) (Vernon Supp. 2006). The
original indictment in this case contained no such enhancement allegation. Therefore, the offense,
as originally charged, was a second-degree felony. Cf. Garcia v. State, 911 S.W.2d 866, 869-70
(Tex. App.--El Paso 1995, no pet.) (indictment failed to allege aggravating factors; trial court erred
in entering conviction for aggravated sexual assault; judgment reformed to sexual assault).
2. During its voir dire, the State appears to have used the terms "aggravated sexual assault,"
"child sexual assault," and "sexual assault" interchangeably. But the State did, during voir dire,
suggest the applicable punishment range for Aubrey's crime was up to, and including, imprisonment
for life. 
3. See Tex. Penal Code Ann. Â§ 22.021 (Vernon Supp. 2006).
4. On further appeal of Curry to the Texas Court of Criminal Appeals, that court ruled a legal
sufficiency review should be made against the hypothetically correct jury charge based on the
original charge, not based on the erroneously amended one. Curry, 30 S.W.3d at 404.
5. See Nichols v. State, 52 S.W.3d 501, 504-05 (Tex. App.--Dallas 2001, no pet.) (erroneous
amendment of charge, retrial on unamended charge).