In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00031-CR


______________________________




ROGER GENE AUBREY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Red River County, Texas


Trial Court No. CR00677




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 In Roger Gene Aubrey's trial for sexual assault, (1) a jury had been selected, sworn, and seated
for trial, before the State moved to amend the indictment. Over Aubrey's objection, the State was
allowed to amend the indictment to allege that the victim's age was less than fourteen years, instead
of less than seventeen years as previously alleged. This amendment changed the charge against
Aubrey from sexual assault, under Section 22.011, to aggravated sexual assault under Section 22.021
of the Texas Penal Code. (2)

 The jury subsequently found Aubrey guilty of aggravated sexual assault, (3) as alleged in the
amended indictment, and sentenced him to thirty years' imprisonment. 

 On appeal, Aubrey contends the trial court erred by permitting the State to amend the
indictment, over Aubrey's objection, after the jury had been empaneled and sworn. We agree the
trial court erred, conclude the error affected Aubrey's substantial rights, vacate the conviction, and
remand the case for a new trial.

(1) The Post-Voir Dire Change Was a Substantive Amendment to the Indictment

 The Texas Code of Criminal Procedure authorizes the amendment of an indictment or
information "at any time before the date the trial on the merits commences" after notice has been
given to the accused. Tex. Code Crim. Proc. Ann. art. 28.10(a) (Vernon 2006). The Code also
authorizes the indictment or information to be amended as to "form or substance . . . after the trial
on the merits commences if the defendant does not object." Tex. Code Crim. Proc. Ann. art.
28.10(b) (Vernon 2006) (emphasis added). But, "[a]n indictment or information may not be
amended over the defendant's objection as to form or substance if the amended indictment or
information charges the defendant with an additional or different offense or if the substantial rights
of the defendant are prejudiced." Tex. Code Crim. Proc. Ann. art. 28.10(c) (Vernon 2006)
(emphasis added).

 "[I]f the defendant, after trial on the merits has commenced, makes a timely objection to the
State's amendment, be it to form or substance, such amendment is absolutely prohibited." Hilton v.
State, 879 S.W.2d 74, 78 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd); see also Brown v.
State, 843 S.W.2d 709, 711 (Tex. App.--Dallas 1992, pet. ref'd) (citing Hillin v. State, 808 S.W.2d
486, 488 (Tex. Crim. App. 1991)). When, over the defendant's objection, the trial court permits the
State to amend the indictment on the day of trial and after the jury has been sworn, the trial court
errs. Sodipo v. State, 815 S.W.2d 551, 555-56 (Tex. Crim. App. 1990) (op. on reh'g).

 The question then becomes whether the changes sought in this case by the State constituted
an "amendment" as that term is generally understood. There are three exceptions to Article 28.10. 
Brown, 843 S.W.2d at 712. "These are when the State moves to: (1) change allegations in the
indictment  to  abandon  one  of  the  ways  or  means  by  which  an  accused  may  commit  an
offense; (2) abandon an allegation in the indictment if the effect of the abandonment is to try the
accused on a lesser-included offense; or (3) delete surplusage." Id.; see also Eastep v. State, 941
S.W.2d 130, 133-35 (Tex. Crim. App. 1997); Mayfield v. State, 117 S.W.3d 475, 476 (Tex.
App.--Texarkana 2003, pet. ref'd). If the change sought by the State fits within any of these
exceptions, the change does not constitute an impermissible amendment. But the change allowed
here does not fit any of these exceptions.

 The change in this case amounted to a prohibited substantive amendment, for two reasons. 
First, the State's proposed change resulted in altering the charged offense from sexual assault--where
the alleged victim is under seventeen years of age--to aggravated sexual assault as set out in a
different section of the Texas Penal Code--because the victim is now alleged to have been under
fourteen years of age. See Tex. Penal Code Ann. § 22.021(a)(1)(A), (B) (Vernon Supp. 2006). 
Second, as the trial court properly noted before allowing the State's proposed change, the amendment
increases the applicable punishment range from that provided for second-degree felony offenses to
that provided for first-degree felony offenses. Compare Tex. Penal Code Ann. § 22.011(f) and 
§ 22.021(e). Because the change constituted an erroneous amendment, we must now determine
whether the error was harmful.

(2) The Error Harmed Aubrey's Substantial Rights

 Before 1997, a violation of Article 28.10 of the Texas Code of Criminal Procedure required
automatic reversal of the conviction, without regard to harm analysis. See, e.g., Sodipo, 815 S.W.2d
at 556; Hilton, 879 S.W.2d at 79; Brown, 843 S.W.2d at 711. But beginning September 1, 1997, the
effective date of the new Rules of Appellate Procedure, the general rule regarding harm analysis
changed. See Curry v. State, 1 S.W.3d 175, 178 (Tex. App.--El Paso 1999), aff'd, 30 S.W.3d 394
(Tex. Crim. App. 2000). The current rule provides,

(a) Constitutional Error. If the appellate record in a criminal case reveals
constitutional error that is subject to harmless error review, the court of appeals must
reverse a judgment of conviction or punishment unless the court determines beyond
a reasonable doubt that the error did not contribute to the conviction or punishment.


(b) Other Errors. Any other error, defect, irregularity, or variance that does not
affect substantial rights must be disregarded.

Tex. R. App. P. 44.2. Errors no longer result in automatic reversal. Instead, the reviewing court
must classify the error and conduct the appropriate harm analysis.

 The error in this case stems from a violation of a procedural statute, not a violation of a
constitutional requirement. The appropriate standard of harm analysis is under Rule 44.2(b). Cf.
Craig v. State, No. 06-02-00151-CR, 2003 Tex. App. LEXIS 4788, at *12-13 (Tex.
App.--Texarkana June 6, 2003, no pet.) (mem. op., not designated for publication). Under Rule
44.2(b), we are to disregard all nonconstitutional errors that do not affect an accused's substantial
rights. To do this, we must decide whether the error had a substantial or injurious effect on the jury's
verdict. Llamas v. State, 12 S.W.3d 469, 471 n.2 (Tex. Crim. App. 2000). "A criminal conviction
should not be overturned for non-constitutional error if the appellate court, after examining the
record as a whole, has fair assurance that the error did not influence the jury, or had but a slight
effect." Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); see also King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997).

 Given the record before us, the erroneous amendment had a significant effect on the jury's
verdict and the resulting judgment. The amendment raised the offense from a second- to a first-degree felony. After the jury found Aubrey guilty under the erroneously amended indictment, it
assessed Aubrey's sentence at thirty years' imprisonment--ten years more than the maximum
sentence he faced before the State's improper amendment. The trial court sentenced him
accordingly. Such error clearly had much more than a slight effect. Accordingly, we sustain
Aubrey's point of error.

 In Curry, the Eighth Court of Appeals held the trial court erred by permitting the State to
amend the indictment over the accused's objection after trial had begun. 1 S.W.3d at 180-81. But
because Curry had also challenged the legal sufficiency of the evidence to support the underlying
conviction--and because sustaining such a challenge would result in an acquittal--the El Paso Court
of Appeals also assessed the legal sufficiency of the evidence. (4) 

 In this case, Aubrey has neither challenged the legal sufficiency of the evidence to support
a conviction for either sexual assault or aggravated sexual assault, nor does he raise any other issues
that, if sustained, would require a judgment of acquittal. The appropriate disposition of this case is
remand for a new trial.

 






 Because the error resulted in harm to Aubrey's substantial rights, and because such error
occurred during the guilt/innocence phase of the trial, we reverse the trial court's judgment and
remand the case for a new trial under the original charge, (5) in accordance with this opinion. See id.
at 181.



 


 Josh R. Morriss, III

 Chief Justice



Date Submitted: October 16, 2006

Date Decided: October 31, 2006


Do Not Publish


1. The indictment alleged Aubrey committed a criminal offense by "intentionally or knowingly
caus[ing] the penetration of the sexual organ of [A.H.], a child who was then and there younger than
17 years of age and not the spouse of the defendant, by defendant's finger." Such conduct is
prohibited by Texas' general sexual assault statute. See Tex. Penal Code Ann. § 22.011(a)(2)(A)
(offense criminalized), § 22.011(c)(1) (Vernon Supp. 2006) (defining "child" as "person younger
than 17 years of age who is not the spouse of the actor"). Sexual assault is a second-degree felony,
punishable by imprisonment of between two and twenty years, a fine of not more than $10,000.00,
or both imprisonment and a fine. Tex. Penal Code Ann. § 12.33 (Vernon 2003), § 22.011(f)
(Vernon Supp. 2006). Sexual assault becomes a first-degree felony if it is alleged and shown that
the victim was a person whom the accused was prohibited from marrying (or purporting to marry)
under the statute outlawing bigamy. Tex. Penal Code Ann. § 22.011(e) (Vernon Supp. 2006). The
original indictment in this case contained no such enhancement allegation. Therefore, the offense,
as originally charged, was a second-degree felony. Cf. Garcia v. State, 911 S.W.2d 866, 869-70
(Tex. App.--El Paso 1995, no pet.) (indictment failed to allege aggravating factors; trial court erred
in entering conviction for aggravated sexual assault; judgment reformed to sexual assault).
2. During its voir dire, the State appears to have used the terms "aggravated sexual assault,"
"child sexual assault," and "sexual assault" interchangeably. But the State did, during voir dire,
suggest the applicable punishment range for Aubrey's crime was up to, and including, imprisonment
for life. 
3. See Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2006).
4. On further appeal of Curry to the Texas Court of Criminal Appeals, that court ruled a legal
sufficiency review should be made against the hypothetically correct jury charge based on the
original charge, not based on the erroneously amended one. Curry, 30 S.W.3d at 404.
5. See Nichols v. State, 52 S.W.3d 501, 504-05 (Tex. App.--Dallas 2001, no pet.) (erroneous
amendment of charge, retrial on unamended charge).


mits
established by Subsection (b) or under another provision of this subchapter is prima facie evidence
that the speed is not reasonable and prudent and that the speed is unlawful." Tex. Transp. Code
Ann. § 545.352 (Vernon Supp. 2006); see also Tex. Transp. Code Ann. §§ 545.353, 545.355,
545.356 (Vernon Supp. 2006). 

 Proof of exceeding a speed limit, while sufficient evidence for a jury to infer a finding the
speed was not reasonable and prudent, does not conclusively establish that the speed is not
reasonable and prudent. "Prima facie evidence" is merely "[e]vidence that will establish a fact or
sustain a judgment unless contradictory evidence is produced." Black's Law Dictionary 598 (8th
ed. 2004). Although unlikely, a defendant could prove that a speed in excess of the statutory speed
limit was reasonable and prudent under the circumstances then existing. Therefore, the State must
allege the speed was greater than was reasonable and prudent. Eaves v. State, 171 Tex. Crim. 670,
353 S.W.2d 231, 232 (1961); see 7 Michael J. McCormick, et al., Texas Practice: Criminal
Forms and Trial Manual § 30.42 (11th ed. 2005).

 According to the State, the information is sufficient because it complies with Section 543.010
of the Texas Transportation Code. That section requires a complaint on a charge of speeding to
specify: "(1) the maximum or minimum speed limit applicable in the district or at the location; and
(2) the speed at which the defendant is alleged to have driven." Tex. Transp. Code Ann. § 543.010
(Vernon 1999). This requirement, though, does not relieve the State of the obligation to plead all
the elements of the offense. Rather, this section imposes additional pleading requirements on the
State--similar to manner and means allegations required to provide a defendant with sufficient
notice of the charges against him or her. 

 It is black letter law in Texas that an indictment or information must allege each and every
element of the offense. Tex. Code Crim. Proc. Ann. art. 21.03 (Vernon 1989); Ex parte Winton,
549 S.W.2d 751, 752 (Tex. Crim. App. 1977); see Holley v. State, 167 S.W.3d 546, 548 (Tex.
App.--Houston [14th Dist.] 2005, no pet.). The Texas Penal Code defines ''element of offense" as:
''(A) the forbidden conduct; (B) the required culpability; (C) any required result; and (D) the negation
of any exception to the offense." Tex. Penal Code Ann. § 1.07(a)(22) (Vernon Supp. 2006). As
discussed above, the forbidden conduct at issue is "at a speed greater than is reasonable and prudent
under the circumstances then existing." See Tex. Transp. Code Ann. § 545.351(a). The
information wholly fails to allege Tollett drove a vehicle at a speed greater than was reasonable and
prudent. The information fails to allege an element of the offense and, as such, is defective.

D. The Error Is a Defect of Substance

 The next issue in our inquiry is whether the error in the information is a defect of form or a
defect of substance. Defects of substance are statutorily defined by Article 27.08 of the Texas Code
of Criminal Procedure. Studer, 799 S.W.2d at 267; see Tex. Code Crim. Proc. Ann. art. 21.21(7)
(Vernon 1989), art. 27.08 (Vernon Supp. 2006). "A defect of substance includes the omission of a
required element or elements of the offense charged." Studer, 799 S.W.2d at 268; see Fisher v.
State, 887 S.W.2d 49, 54-55 n.8 (Tex. Crim. App. 1994); Ex parte Luddington, 614 S.W.2d 427,
428 (Tex. Crim. App. 1981), superseded by constitutional amendment as stated in Cook, 902 S.W.2d
at 476. Because the indictment omits an element of the offense, the error is a defect of substance.

E. The Defect of Substance Is Subject to Harmless Error Analysis

 Since the error in the information is a defect of substance, we are now confronted with the
difficult question of whether a harmless error analysis applies to the error. Although defects of form
are clearly subject to a harmless error analysis, (3) Texas law is uncertain concerning whether some
form of a harmless error analysis applies to defects of substance. See 41 George E. Dix & Robert
O. Dawson, Texas Practice: Criminal Practice and Procedure § 21.147 (2d ed. 2001 &
Supp. 2006) (suggesting Rule 44.2 may apply to defects of substance). 

 In Cain v. State, the Texas Court of Criminal Appeals announced "[e]xcept for certain federal
constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it
relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically
immune to a harmless error analysis." 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (footnote
omitted). The Texas Court of Criminal Appeals noted that some errors will never be or will rarely
be harmless--particularly jurisdictional issues. Id. 

 We are unable to conclude the error in this case will never be harmless. We note that, at one
time, a defect of substance was a jurisdictional error. See, e.g., Morris, 13 Tex. Ct. App. at 71; see
also Cook, 902 S.W.2d  at 476. A defect of substance, though, is no longer a jurisdictional error. 
As discussed above, an indictment vests a trial court with jurisdiction as long as "it accuses someone
of a crime with enough clarity and specificity to identify the penal statute under which the State
intends to prosecute, even if the indictment is otherwise defective." Duron, 956 S.W.2d at 550-51. 
Because the information in this case provided Tollett with notice he was being charged with
speeding, the error in this case is not jurisdictional. Consequently, the general principles announced
in Cain dictate that we apply a harmless error analysis to defects of substance. (4) The error is subject
to a harmless error analysis.


F. The Error Did Not Affect Tollett's Substantial Rights

 Under Rule 44.2(b), we disregard the error if it does not affect the appellant's substantial
rights. See Tex. R. App. P. 44.2(b); Flowers v. State, 815 S.W.2d 724, 728 (Tex. Crim. App. 1991)
(the requisites of indictments now stem from statutory law alone). A "substantial right" is affected
"when the error had a substantial and injurious effect or influence in determining the jury's verdict."
King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). We find the error in this case to be
harmless. See Tex. R. App. P. 44.2(b). The record does not contain any evidence Tollett lacked
notice he was being charged with speeding. The information alleged Tollett was operating a vehicle
at a speed of "73 mph in a 60 mph zone." Further, the error had no affect on Tollett's ability to
present his defense. Although Tollett's defense at trial was based primarily on the defect in
question--whether his speed was greater than was reasonable and prudent--Tollett was permitted
to advance this theory at trial. As discussed below, Tollett was permitted to introduce evidence that
his speed was reasonable and prudent. In addition, Tollett's attorney was permitted to argue his
client was not guilty of speeding, despite exceeding the speed limit, because his speed was
reasonable and prudent. The trial court correctly instructed the jury that the speed must have been
greater than was reasonable and prudent. The error did not affect Tollett's substantial rights. We
overrule Tollett's first point of error. 

II. Legal Sufficiency of the Evidence

 In his fourth point of error, Tollett argues that the evidence is legally insufficient. The trial
court instructed the jury, in pertinent part, as follows:

 Our law provides that a person commits an offense if the person drives a motor
vehicle at a speed that is not reasonable and prudent.

 . . . .

 It is prima facie evidence that a person drove at a speed that is not reasonable and
prudent if it is determined that they drove at a speed in excess of a posted speed limit
zone. 

According to Tollett, the State failed to introduce any evidence that his speed was not reasonable and
prudent. 

 Tollett testified that, just before he was stopped for speeding, he had been passing a slow-
moving semitruck. Tollett estimated the slow-moving semitruck was traveling approximately forty-five miles per hour. Because he was approaching a point where the highway merged from a four-lane highway into a two-lane highway, Tollett testified he needed to speed in order to safely pass the
slow-moving semitruck. Tollett believed it was safer to exceed the speed limit than to pass the slow-moving truck at the speed limit. 

 Tollett argues there is no evidence that he endangered another vehicle or that his speed was
unsafe under existing circumstances. In reviewing the legal sufficiency of the evidence, we view the
relevant evidence in the light most favorable to the verdict and determine whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 

 Section 545.352(a) provides, "[a] speed in excess of the limits established by Subsection (b)
or under another provision of this subchapter is prima facie evidence that the speed is not reasonable
and prudent and that the speed is unlawful." See Tex. Transp. Code Ann. § 545.352; see also Tex.
Transp. Code Ann. §§ 545.353, 545.355, 545.356. Because Trooper Jesse Mitchell testified
Tollett exceeded the posted speed limit, a rational trier of fact could have found that Tollett's speed
was not reasonable and prudent. The evidence is legally sufficient. We overrule Tollett's fourth
point of error.

III. Factual Sufficiency of the Evidence

 In his third point of error, Tollett argues that his testimony was sufficient to overcome the
presumption created by his exceeding the posted speed limit. In a factual sufficiency review, the
appellate court views all the evidence in a neutral light and determines whether the evidence
supporting the verdict is so weak that the jury's verdict is clearly wrong and manifestly unjust or
whether the great weight and preponderance of the evidence is contrary to the verdict. Johnson, 23
S.W.3d at 7; see Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996); see also Watson v.
State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

 The record does contain some evidence Tollett's speed was reasonable. Tollett testified that
his semitruck was not loaded and that he would not have passed the slow-moving semitruck if his
semitruck had been loaded. According to Tollett, the road was clear of other traffic and his action
did not endanger anyone. Tollett testified it was safer, in his opinion, to exceed the speed limit than
to pass the slow-moving semitruck at the speed limit. 

 The evidence, though, is factually sufficient. Evidence that a person was exceeding the
posted speed limit is prima facie evidence that the speed was unreasonable. Trooper Mitchell
testified that the posted speed limit was sixty miles per hour and that Tollett was traveling seventy-three miles per hour as clocked by radar. While no vehicle had to take evasive action or was
endangered by Tollett's operation of his semitruck, Mitchell testified Tollett's speed could have
posed a danger, particularly since a semitruck has greater weight and takes longer to stop than other
vehicles. Further, Tollett could have avoided the possibility of violating the speed law had he not
attempted to pass the other semitruck at that time. When considered in a neutral light, the evidence
supporting the verdict is not so weak that the jury's verdict is clearly wrong and manifestly unjust. 
Further, the great weight and preponderance of the evidence does not indicate that Tollett's speed
was reasonable and prudent. We overrule Tollett's third point of error.

 For the reasons stated, we affirm the judgment of the trial court. 


 Jack Carter

 Justice


Date Submitted: January 24, 2007

Date Decided: April 5, 2007


Publish 


1. We note that Article 1.14(b) requires a defendant to object to an information before trial. 
See Tex. Code Crim. Proc. Ann. art. 44.181; see also Teal, 2007 Tex. Crim. App. LEXIS 316, at
*12 ("Texas law now requires the defendant to object to any error in the indictment before the day
of trial and certainly before the jury is empaneled."). As discussed above, Tollett objected to the
information before his trial de novo in the county court at law. 
2. Tollett has failed to show his remaining arguments--1) the information fails to allege Tollett
operated a motor vehicle, 2) the phrase "Subsection (b)" is meaningless, and 3) the phrase "73 mph
in a 60 mph zone" is unclear as a matter of law--are preserved. Even if these arguments had been
preserved, any error would be harmless for the reasons stated below.
3. When an error is a defect of form, Article 21.19 of the Texas Code of Criminal Procedure
requires the error to affect the defendant's substantial rights. Tex. Code Crim. Proc. Ann. art. 21.19
(Vernon 1989); see Adams v. State, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986). However, the
Texas Court of Criminal Appeals has held that the Adams rule does not apply to a defect of
substance. See Labelle v. State, 720 S.W.2d 101, 106 (Tex. Crim. App. 1986); Jackson v. State, 718
S.W.2d 724, 725 n.1 (Tex. Crim. App. 1986). 
4. See Yandell v. State, 46 S.W.3d 357, 362 (Tex. App.--Austin 2001, pet. ref'd) (suggesting 
omission of culpable mental state is harmless because it does not affect defendant's substantial
rights). We note there is some authority for the proposition that a defect of substance either requires
an automatic reversal or always results in harm. Thompson v. State, 44 S.W.3d 171, 183 (Tex.
App.--Houston [14th Dist.] 2001, no pet.) ("the trial court's failure to quash the indictment has been,
and still is, treated as error harmful under any harm analysis, i.e. reversible per se"); see Sanchez v.
State, 32 S.W.3d 687, 697 (Tex. App.--San Antonio 2000), rev'd on other grounds, 120 S.W.3d 359
(Tex. Crim. App. 2003); see also 2 Texas Criminal Practice Guide: Indictment &
Information § 41.04[1] (Matthew Bender & Co. ed., Aug. 2006); 41 George E. Dix & Robert
O. Dawson, Texas Practice: Criminal Practice and Procedure § 20.42 (2d ed. 2001) ("An
erroneous failure to sustain an objection raising a defect of substance apparently requires automatic
reversal regardless of whether the appellant was harmed."). But see 41 George E. Dix & Robert
O. Dawson, Texas Practice: Criminal Practice and Procedure § 21.147 (suggesting Rule
44.2 may apply to defects of substance). However, for the reasons discussed above, we conclude
the error is subject to a harmless error analysis.