

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1102-11

---

**BRIAN KEITH BALENTINE, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### MONTGOMERY COUNTY

---

*Womack, J., delivered the opinion of the unanimous Court.*

The issue in this robbery case is whether the deletion from the indictment of a description of the assault was a mere abandonment of unnecessary words. The Court of Appeals held that the phrase was permissibly deleted as an alternative manner and means of committing the offense; we hold that it was not.

The indictment originally alleged that, while in the course of committing theft of property and with intent to obtain or maintain control of said property, the appellant did "intentionally,

knowingly or recklessly cause bodily injury to Robert Rhodes, by resisting arrest by Robert Rhodes and causing Robert Rhodes [*sic*] hand to be sprained during the resisting."

Shortly before the jury was sworn, the State asked the court to "eliminate some surplus language" by abandoning the phrase "and causing Robert Rhodes hand to be sprained during the resisting." The appellant objected, arguing that this amounted to an amendment, not an abandonment, and that "the State had plenty of time to amend or do whatever they needed to do to the indictment prior to the morning of trial."

The trial court pointed to the Eighth Court of Appeals' decision in *Curry v. State*[1] as "pretty good authority to allow the State to do what they are asking to do." The appellant asked for "10 days or some time to address this." The trial court denied the request. The jury found him guilty of the robbery. He pleaded true to allegations of prior convictions and was sentenced to confinement for life.

In the Ninth Court of Appeals, the appellant argued that the trial court erred in allowing the State to amend the indictment because the deleted phrase was not surplusage. The State contended that it was.

The Court of Appeals affirmed the judgment of conviction for a different reason: that the phrase was properly abandoned because it alleged an alternative manner and means of causing bodily injury.[2] We granted review of that holding.

The appellant argues that the courts below erred in allowing the deletion of the phrase in

---

[1] 1 S.W.3d 175 (1999) (We later affirmed that decision, saying that "allegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment are treated as mere surplusage, and may be entirely disregarded." 30 S.W.3d 394, 399 (Tex. Cr. App. 2000) (citing *Burrell v. State*, 526 S.W.2d 799, 802 (Tex. Cr. App. 1975))).

[2] *Balentine v. State*, 09-09-00354-CR (Tex. App.–Beaumont, July 13, 2011).

question. In its response, the State does not address the Court of Appeals's ruling that the deleted phrase was an alternative manner and means. Instead, the State continues to argue the surplusage issue. The appellant submitted two briefs: one *pro se* and one authored by an attorney. The brief prepared by the attorney, like the State's brief, does not address the Court of Appeals's alternative manner and means holding. The *pro se* brief, however, does argue the alternative manner and means issue. Because we "review a decision of a court of appeals,"[3] we shall consider only the Court of Appeals's holding that the deleted phrase was an alternative manner and means of causing bodily injury.

Article 28.10(c) of the Code of Criminal Procedure says, "An indictment or information may not be amended over the defendant's objection as to form or substance … if the substantial rights of the defendant are prejudiced." The Code of Criminal Procedure does not define what an amendment is.

We have held that abandonment of some kinds of language in an indictment does not amount to an amendment: (1) abandonment of one or more alternative means of committing the alleged offense, (2) abandonment of an allegation if the effect is to reduce the prosecution to a lesser included offense, and (3) abandonment of surplusage.[4]

In this case, the Court of Appeals held that the phrase "by resisting arrest by Robert Rhodes and causing Robert Rhodes [*sic*] hand to be sprained during the resisting" alleged two means by which bodily injury was caused.[5] Accordingly, the Court held that the phrase was

---

[3] TEX. CODE CRIM. PROC. art. 4.04.

[4] *See Eastep v. State*, 941 S.W.2d 130, 133-35 (Tex. Cr. App. 1997).

[5] *Balentine*, 2011 Tex. App. LEXIS 5335.

permissibly abandoned. We do not agree.

The Court of Appeals read "resisting arrest" and "causing Robert Rhodes [*sic*] hand to be sprained during the resisting" as alternative means of committing bodily injury. It cited our opinion in *Kitchens v. State*,[6] in which we held that "alternate pleading of the differing methods of committing one offense may be charged in one indictment," and that, in such cases, the State is required to prove only one of the means.[7]

In *Kitchens*, we dealt with alternative elements of a statute[8] that elevate murder to capital murder: the commission of the murder in the course of aggravated sexual assault or in the course of robbery.[9] In the instant case, though, the State alleged only one element from the robbery statute: "caus[ing] bodily injury."[10] The additional words specifically described the means by which the appellant committed that element.

Nonetheless, if the two phrases alleged alternative theories of committing bodily injury, the State could have abandoned either. By our reading, however, these were not alternative means, but an explanation of the charged means and its result: the appellant committed robbery by bodily injury by resisting arrest, the result of which was the victim's hand being sprained. The indictment will not bear being read to allege that the appellant caused bodily injury by either resisting arrest *or* spraining the victim's hand "during the resisting." By its very terms, the latter

---

[6] 823 S.W.2d 256 (Tex. Cr. App. 1991).

[7] *Id*., at 258.

[8] TEX. PENAL CODE § 19.03(a)(2).

[9] *Kitchens*, 823 S.W.2d, at 257; TEX. PENAL CODE §19.03(a)(2).

[10] An example of another statutory means that the State could have charged conjunctively would be "plac[ing] another in fear of imminent bodily injury or death." *See* TEX. PENAL CODE §29.02(a)(2).

could not occur without the former.

We hold that the Court of Appeals erred in approving the deletion on this basis. We reverse and remand this case to that Court so that it may consider whether the phrase was permissibly abandoned on any other theory. We need not address the other grounds for review that we granted.

Delivered September 12, 2012.
Do not publish.